GEORGE TEDRICK *et al.*

*v.*

JOHN H. HINER.

1. SERVICES AS ATTORNEY—*whether compensation can be recovered for, without license to practice.*   Where a party, representing himself to be an attorney, was employed by another as such, and it appeared he had no license to practice as an attorney, and in all he did acted as a regularly licensed attorney, it was *held,* he could not recover for the services so rendered.

2. ALLEGATIONS AND PROOFS—*in action against several.*   In an action *ex contractu* against several, there can be no recovery unless a joint promise or liability is proved.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, brought by John H. Hiner against George Tedrick and Thomas Dugan, for services by him performed for the defendants.   In the circuit court judgment was rendered in favor of the plaintiff, to reverse which the defendants appeal.

Messrs. KRETSINGER & HANNAMAN, for the appellants.

Messrs. CRAIG & HARVEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The testimony in this case clearly shows that appellee represented himself to one of the appellants, Tedrick, as an attorney at law, and familiar with the prosecution and direction of actions of ejectment. He was introduced to Tedrick as an attorney; he had held himself out in Yates City, where he resided, as an attorney, and exhibited to persons there what he said was a license to practice law. It was in this character he approached Tedrick, and as such he was employed by Tedrick to manage an ejectment suit, which Tedrick had notice was instituted against him to recover possession of the farm on which he resided. As such attorney, appellee advised and counselled Tedrick, and now seeks to recover compensation therefor, sinking his rank as an attorney and claiming to have acted as agent only.

The proof is clear that appellee, in all he did, acted as a regularly licensed attorney, without having any pretensions to such a position, and without any license to practice as an attorney.

By section eleven of Chap. XI, title, "Attorneys and Counselors at law," R. S. 73, had appellee received money or other compensation from appellants for services rendered as an attorney, he having no license, he would be liable to an action to recover it back by the party paying it. The equity and policy of the statute forbids a recovery on his part for services so rendered.

There is another objection to the recovery. There was no joint promise or liability to appellee proved.

For the reasons given, the judgment must be reversed and the cause remanded.

*Judgment reversed.*