[No. 2645.  Decided July 8, 1897.]

THE STATE OF WASHINGTON, Appellant, v. W. H. HEA— TON et al., Respondents.

FORGERY — WHAT CONSTITUTES — UTTERING FALSE ACCOUNT.

Under a statute defining forgery and enumerating the subjects thereof, the use of the words, " other instrument in writing," cannot be construed to include a mere account or statement of indebtedness of one person to another.

Under § 63, Penal Code, defining forgery as the act of " every person who shall falsely make, . . . forge or counterfeit . . . any record, deed, will, codicil, bond, writing obligatory, promissory note for money or property, receipt for property . . . or assignment of any bond, writing obligatory, or promissory note for money or property, or any other instrument in writing," the clause, " or any other instrument in writing," has assignment as its antecedent, and must be construed as meaning instruments of like character with " bond, writing obligatory or promissory note."

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*James F. McElroy*, Prosecuting Attorney, and *John B. Hart*, for The State.

*John F. Dore, Daniel T. Cross, John S. Crockett*, and *Fred Rice Rowell*, for respondents.

The opinion of the court was delivered by

GORDON, J.—This appeal is by the state and is from an order of the superior court of King county sustaining a general demurrer to an information charging respondents with uttering a forged instrument. The charging part of the information is as follows:

"They, the said W. H. Heaton and F. S. Kinney, in the county of King, state of Washington, on or about the 30th day of April, A. D. 1896, and within three years previous to the filing of this information, then and there being did then and there wilfully, knowingly, falsely, fraudulently, unlawfully and feloniously, utter and publish as true to the county of King, the same being a body corporate under the laws of the state of Washington and duly existing as such, and to the board of county commissioners, duly elected, qualified and acting as such in and for King county, and to one Fred Gasch, a certain forged, false and counterfeited writing on paper, the same being an instrument in writing and an order certifying that certain labor had been done for and on behalf of said King county, and that the amount due the person, or purported person, which was then and there in said certificate certified to have performed said labor, was the sum of ninety ($90.00) dollars; said written instrument or order with the endorsement thereon in its tenor and effect is as follows, to-wit:

"On the outside portion is 'Certificate No. 1,' and following said 'Certificate No. 1' appears 'I hereby certify on honor that I have furnished labor amounting to $90.00, for which the within account is rendered; that . . . . . . . . . .

have not received payment of same, or any part thereof, and that said account is justly due me from King county.

"'LEVI HAYS.'

"Immediately above 'Certificate No. 1' appears the following:

"'Audited.   Charged.   Warrant No. 6884.   Road and bridge fund.   Road District No. 16, Commissioner's district No. 3.

"'Claim of Levi Hays for labor, Road No. 80—amount claimed $90.00; allowed in the sum of $90.00 by Fred Gasch, chairman board of county commissioners, King county, state of Washington, May 7th, 1896.'

"Immediately under said 'Certificate No. 1' appears the following: 'Certificate No. 2.'

"I hereby certify on honor that the within described labor has been performed.

"F. S. KINNEY,

"Overseer Road District No. 16.

"I hereby authorize payment of this claim.

W. H. HEATON,

"Commissioner District No..'

"On the reverse outside of said written instrument appears certain printed direction for the filling ·in of said written instrument, together with a copy of a certain section of a certain act of the legislature of the state of Washington.   On the reverse inside of said certificate appears certain printed directions and also a certain form for the assignment thereof, together with the following:

"'RENTON,..April..1896.

"'County of King,

"'To....LEVI HAYS............Dr.

"'Road....Fund.   Road district No. 16.   Commissioner's district No. 3.   In grubbing and grading 150 rods of road No. 80, near town of Renton, at 60c. per rod—$90.00.'

"And they, the said W. H. Heaton and the said F. S. Kinney, then and there being, did then and there well know the said instrument in writing to be false, forged and counterfeited, and that the signature or purported signature of the said Levi Hays to said instrument, as aforesaid,

was false, forged and counterfeited, and that the county of King was not indebted to the said Levi Hays in any sum or for any purpose whatsoever, and that the said Levi Hays was then and there a fictitious person, and the same was then and there so uttered by the said W. H. Heaton and the said F. S. Kinney with the intent then and there to injure and defraud the said county of King, the same being a body corporate as aforesaid, together with other persons now unknown."

Among other contentions of the respondents, it is urged that the instrument described in the information is not the subject of forgery. The instrument is at most a mere account or claim for services purporting to have been rendered King county. Sec. 63 of the Penal Code is as follows:

" Every person who shall falsely make, or assist to make, deface, destroy, alter, forge or counterfeit, or cause to be falsely made, defaced, destroyed, altered, forged, or counterfeited, any record, deed, will, codicil, bond, writing obligatory, promissory note for money or property, receipt for property, power of attorney, certificate of a justice of the peace or other public officer, auditor's warrant, treasury note, county order, acceptance or indorsement of any bill of exchange, promissory note, draft or order, or assignment of any bond, writing obligatory, or promissory note for money or property, or any other instrument in writing, or any brand prescribed by law on tobacco, beef, bacon or pork cask, lard keg or barrel, salt-barrel, or hay-bale, or any person who shall utter or publish as true any such instrument, knowing the same to be false, defaced, altered, forged, or counterfeited, with intent to defraud any person, body politic or corporate, shall be deemed guilty of forgery, and on conviction thereof shall be imprisoned in the penitentiary not more than fourteen years nor less than one year, and be fined in any sum not exceeding five thousand dollars."

It will be observed by a reading of the foregoing section that the instrument set forth in this information is

not of the class specially enumerated.  It must, therefore
—if within the statute at all—fall within the words "or any
other instrument in writing."  The section is singularly and
inartificially drawn, but we think that the clause, " or other
instrument in writing," relates to and has " assignment "
as its antecedent, and a grammatical interpretation of the
section discloses that it is the forging or uttering of an
" assignment " of such " other instrument in writing," and
not the forging or uttering of such instrument itself which
is made unlawful.  Aside from this, we think that the
words " other instrument in writing " cannot be construed
to include a mere account as the subject of forgery.

Bouvier says the term " instrument " includes bills,
bonds, conveyances, leases, mortgages, promissory notes
and wills, but scarcely accounts, ordinary letters or memo-
randa."  Bouvier's Law Dictionary, vol. 1, p. 15.

In Anderson's Law Dictionary, at page 555, it is said
that the expression " written instrument " or " instrument
in writing " " does not comprehend all written papers,"
and " scarcely includes accounts, letters in ordinary corres-
pondence, memoranda and similar writings, with respect
to which the creation of evidence to bind the party, or
the establishment of an obligation or title, is not the pri-
mary motive."  See, also, *State v. Kelsey*, 44 N. J. Law,
1; *Hankinson v. Page*, 31 Fed. 184.

We think that, within the rule of *noscitur a sociis*, the
words, " or any other instrument in writing," as found in
the section under consideration, must be construed to mean
instruments of like character with " bond, writing obliga-
tory, or promissory note for money," and their meaning
cannot be extended so as to include a mere paper which
creates no obligation and is of itself neither an evidence of
debt or of title.

Counsel for respondents seem to concede that their cli-

ents might be proceeded against under the statute relating to false pretenses, but as that question is not involved in this appeal it would be unprofitable to discuss it.

The order of the superior court sustaining the demurrer was right and it is affirmed.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

DUNBAR, J., not sitting.