[No. 3043.  Decided April 7, 1899.]

T.HE STATE OF WASHINGTON, *Appellant,* v. W. H. HEATON, *Respondent,* LEVI G. SMITH, *Defendant.*

INDICTMENT—LEGALITY—SPECIAL COUNSEL BEFORE GRAND JURY.

The appointment by the court of special counsel to represent the state before the grand jury, while the prosecuting attorney stands ready and willing to perform his duties in that respect, will warrant the setting aside of any indictment found by the grand jury at the instance of such special counsel, since the court is authorized by statute to appoint special counsel only in case the prosecuting attorney fails, from sickness or other cause, to attend court.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.  Affirmed.

*Thomas M. Vance* and *S. D. King,* for The State.

*John F. Dore, Solon T. Williams* and *Abraham Lincoln Jacobs,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—The defendant, respondent here, was indicted for forgery by the grand jury of King county.  A motion to set aside the indictment was made by counsel for defendant, on several grounds.  The superior court sustained the motion upon the third ground,—

" That there were present before the grand jury during the investigation of the charge against the defendant persons other than the grand jurors and those required or permitted by law, to-wit, special counsel appointed by the court."

There are three judges of the superior court in King county.  The prosecuting attorney of the county had filed an information against one of the defendants, charging him with the crime of forgery.  A demurrer was interposed,

and sustained by one of the judges, and on appeal the judgment was affirmed by this court. 17 Wash. 310 (49 Pac. 493). Other informations were filed against respondent's co-defendant, Smith, and demurrers filed and sustained. New informations were thereafter filed by the prosecuting attorney, and defendant Smith paid to the county the amount he had appropriated to his own use, which was the proceeds of the alleged forgery. The prosecuting attorney then filed a statement in the superior court and asked the dismissal of the information so filed, and one of the judges of the superior court thereupon entered an order dismissing such information. Thereafter two of the judges of the superior court convened a grand jury for the express purpose of investigating the prosecuting attorney's office. The grand jury was impaneled, and special counsel were appointed by one of the judges of the superior court to advise with the grand jury. A few days thereafter the grand jury reported to the court that it had primarily entered into an inquiry into the office of the prosecuting attorney and made a full and exhaustive examination, and that the prosecuting attorney was, in its judgment, exonerated from any corrupt or illegal act in the discharge of the duties of his office, and that he acted, as he believed, in the best interests of the county relative to the dismissal of the information; but, in the opinion of the grand jury, he erred in judgment in moving the dismissal of the Smith suit, and the jury therefore recommended to the court that the criminal charge against Smith and Heaton and others be investigated and prosecuted to the full extent of the law. It also recommended that special counsel be appointed by the court, because, in its opinion, by the dismissal of the informations against the defendants, the judgment of the prosecuting attorney as to the law and the facts in the case was so compromised that any steps taken by him necessary to the end indicated would be

so embarrassed that the aid of special counsel was rendered necessary. After the return of the grand jury was made, the prosecuting attorney appeared in court and requested that he be permitted to advise with the grand jury and comply with his duties as prosecuting attorney. The judge of the superior court, after considering the matter, disregarded the request of the prosecuting attorney and ordered that special counsel act as advisers to the grand jury. Such special counsel were in daily attendance upon the grand jury, advising them and aiding them in their deliberations. During the sitting of the grand jury, the indictment in this case was found.

By statute, the duties of the prosecuting attorney are prescribed. He is to have supervision and charge of all criminal proceedings in his county, to sign all informations and draft indictments, and generally to institute and prosecute proceedings of a criminal nature. Bal. Code, §§ 6812, 4754, 4757, 472. It is made the duty of the prosecuting attorney, when in his judgment a charge on an information or indictment should not be prosecuted further, to state his reasons and submit the same to the court. He has no power to discontinue or abandon a prosecution, except upon order of the court. Bal. Code, §§ 6914, 6915; *State v. Hansen,* 10 Wash. 235 (38 Pac. 1023). His office is thus described by Judge COOLEY, in *People v. Bemis,* 51 Mich. 422 (16 N. W. 794):

" We have held that the office of prosecuting attorney was quasi judicial, and that he and any one associated with him must be exclusively the representative of public justice, and stand indifferent as between the accused party and any private interest;" citing *Meister v. People,* 31 Mich. 99; *Sneed v. People,* 38 Mich. 248, and *People v. Hurst,* 41 Mich. 328 (1 N. W. 1027).

Two statutes of this state authorize the superior court to appoint a special prosecuting attorney to represent the

state in criminal proceedings. Bal. Code, §§ 466, 471, 4755. The special cause mentioned in these statutes for empowering the court to appoint special counsel is when the prosecuting attorney fails, from sickness or other cause, to attend court; and then the special counsel appointed by the court shall receive compensation, to be fixed by the court, to be deducted out of the stated salary of the prosecuting attorney. We think the power of the court is confined to the statutory grounds. *Sayles v. Genesee Circuit Judge,* 82 Mich. 84 (46 N. W. 29).

The duties of the prosecuting attorney are prescribed by statute. His office is defined, and his authority comes from the same source of power as does that of the court, and the functions of each are prescribed by law. The prosecuting attorney, in the faithful discharge of his duties, must exercise his independent judgment as to the prosecution or dismissal of an information or indictment, and it is in the interest of sound public policy that his discretion in the exercise of his duties should not be in any wise controlled by legal consequences unpleasant or unfavorable to himself. His reasons for a dismissal must be shown to the court, and the court may conclusively determine whether sound or not. The fact that the prosecuting attorney may deem it inadvisable to further prosecute, or that the facts charged do not constitute a crime, does not in any sense disqualify him from the further discharge of his duties in the matter. It is his duty, if the court declines to order a dismissal, to proceed with the prosecution. There cannot even an implication arise that the prosecuting attorney is disqualified, or will not do his duty, because he has so advised the dismissal of a criminal proceeding. Doubtless, in addition to the statutory grounds authorizing the action of the court in appointing special counsel, any reason which would disqualify the prosecuting attorney alike common to the general office of

an attorney in his conduct of a cause, would justify such action of the court; but, upon conceded facts here, there was no cause to authorize the appointment of special counsel by the court. This, then, was a substantial irregularity in the proceedings, resulting in the presentment of the indictment, and the judgment of the superior court is affirmed.

GORDON, C. J., and ANDERS and DUNBAR, JJ., concur.