WILLIAM J. BAXTER, Appellant, *vs.* THE CITY OF VENICE,
Appellee.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. MUNICIPAL CORPORATIONS—*a city attorney must be an attorney at law.* The word "attorney," as used in the Cities and Villages act, requiring the election of a city attorney, means an attorney at law as distinguished from a mere attorney in fact or business agent, and unless he has a license to practice law he can not maintain a suit against the city for back salary, as in such suit he must show that he is an officer *de jure.*

2. WORDS AND PHRASES—*the word "attorney" is generally understood to mean an attorney at law.* An attorney, giving the broadest meaning to the word, is a substitute authorized by another to act for him, but when the word is used without qualification it is generally understood to mean an attorney at law.

DUNCAN, J., dissenting.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding.

C. H. BURTON, for appellant.

MORGAN LEMASTERS, and J. M. BANDY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Fourth District reversed, without remanding, a judgment recovered in the circuit court of Madison county by William J. Baxter against the city of Venice and granted a certificate of importance and appeal to this court.

The appellant was elected city attorney of the city of Venice and the suit was for his salary for six months. He was not licensed to practice law and the defense was made on that ground. Suing for his salary, he was required to prove that he was an officer *de jure.* The statute provides

no qualification for a city attorney, except that he shall be
a qualified elector of the city and shall have resided there-
in at least one year next before his election. Neither does
the law prescribe the duties of the city attorney, but they
are left to implication. An attorney, using the word in
its broadest sense, is a substitute authorized by another to
act for him. Where an agent is formally appointed for
some particular business or with general authority to act
for another he is called an attorney in fact, but when the
word is used without qualification it is usually understood
to refer to an attorney at law. It is used so in the Cities
and Villages act, which requires the election of a city at-
torney as well as a city clerk and a city treasurer. It was
not intended that the city should elect an agent who should
represent and act for the city, generally, as its business
agent. A reasonable interpretation of the requirement is
that the city attorney should give advice and counsel upon
legal questions to the city and its officers and should rep-
resent the city in the courts and in the preparation and trial
of cases for it. He could not represent the city in a court
of record unless he was a licensed attorney. In *Tedrick* v.
*Hiner,* 61 Ill. 189, we held that one having no license as
an attorney at law could not recover for services rendered
as such attorney. Among the services required of the ap-
pellant by the city ordinances were prosecutions for viola-
tions of city ordinances and the conducting of appeals from
justices' courts, and all these services could be rendered
only by a licensed attorney. The law contemplated that
the services to be rendered by a city attorney were such as
only a licensed attorney could render. An incumbent of
the office is therefore required to be a licensed attorney.
(*Donaldson* v. *Village of Dieterich,* 247 Ill. 522.) The
Appellate Court found that the appellant was not a licensed
attorney, and therefore properly adjudged that he could not
recover, and reversed the judgment of the circuit court.

*Judgment affirmed.*

Mr. JUSTICE DUNCAN, dissenting:

No person is permitted, under our statute, to practice as an attorney or counselor at law, or to commence, conduct or defend any action, suit or plaint in which he is not a party concerned, in any court of record within this State without having previously obtained a license for that purpose from some two of the justices of the Supreme Court. There is also a penalty provided by our statute against any person falsely holding himself out as an attorney or counselor at law. There is no provision of our statute, however, that prohibits any person from acting in the capacity of an attorney at law for another person in the trial of any case before a justice of the peace or a police magistrate. There is no statute that prohibits such person, in suits before justices of the peace and police magistrates, from charging and collecting a fee for such services, and such person could legally collect such a fee, in my judgment, if the person acting as an attorney had not previously falsely held himself out as an attorney. To hold otherwise is judicial legislation, without authority or precedent to sustain it, so far as I know.

It is a well known fact that there are a few organized cities and villages in this State who have no licensed attorneys living within their corporate limits. It is also well known that city attorneys in this State, outside of Chicago and a few other large cities of the State, are elected without any intention of having them represent their city or village in the trial of cases in courts of record. Many such cities and villages have little or no litigation in courts of record, and when they do have they usually employ counsel who are licensed to practice law to represent them in such suits. Such cities and villages ordinarily have numerous prosecutions before justices of the peace and police magistrates and other matters that can be attended to by many persons who are not licensed to practice law, and in many such cities and villages city attorneys are elected for such

business, only. I do not think this court should interfere with the right of a city or village to elect any person city attorney, whether licensed or not licensed, until some positive statute of this State should provide that such city attorney should be a licensed lawyer. It also seems to me to be very unjust and contrary to all legal principles to hold that a city or village may provide for and elect a city attorney who is not a licensed lawyer and that it may successfully repudiate such officer's salary after he has served six months of his term.

I therefore respectfully dissent from the foregoing opinion by the majority of the court.