## Valley Terminal Railway, Appellee, v. Horace J. Eggman et al., Appellants.

1. EMINENT DOMAIN—*what expenses not recoverable by defendants on voluntary dismissal by petitioner.* Under the proviso of Cahill's Ill. St. ch. 47, ¶ 10, providing for the recovery of costs, expenses and reasonable attorneys' fees by defendants in condemnation proceedings upon voluntary dismissal thereof by petitioner, defendants were not entitled to recover for services rendered by one of defendants; for the fee of a lawyer who was employed by defendants' attorneys and who was not licensed to practice in this State; or for the services of a watchman.

2. EMINENT DOMAIN—*extent to which expenses recoverable on voluntary dismissal by petitioner.* If the allowance of expenses, attorneys' fees, etc., to defendants upon voluntary dismissal by petitioner of condemnation proceedings, as provided for in Cahill's Ill. St. ch. 47, ¶ 10, may extend to those incurred in trying to obtain damages to lands not taken as well as to lands taken, the expenses so incurred should be kept within reasonable bounds.

3. EMINENT DOMAIN—*when evidence sufficient to support finding in action by condemnee for expenses on dismissal.* On appeal by plaintiffs in an action to recover expenses in condemnation proceedings after dismissal thereof by petitioner, from a finding in favor of appellants for less than was claimed, evidence *held* to warrant the finding of the court.

4. EMINENT DOMAIN—*effect of court's finding as to defendants' fees and expenses where petition voluntarily dismissed.* The finding of the court without a jury as to the amount to be allowed for attorneys' fees, expenses, etc., in favor of defendants in condemnation proceedings, upon dismissal by petitioner, should be given great weight.

5. APPEAL AND ERROR—*Appellate Court's jurisdiction to review finding as to costs, etc., on dismissal of condemnation proceeding by petitioner.* The Appellate Court has jurisdiction to entertain an appeal from the finding of the court in a suit to recover costs, attorneys' fees and expenses after voluntary dismissal of a proceeding for the condemnation of land.

Appeal from the Circuit Court of St. Clair county; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed November 10, 1921.

D. E. KEEFE, for appellants; C. P. WISE and S. W. BAXTER, of counsel.

DANIEL UPTHEGROVE and WHITNEL & WHITNEL, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This case comes to this court on appeal from an order entered by the circuit court of St. Clair county for the payment of the costs, expenses, and attorneys' fees incurred by appellants, defendants below, in a condemnation proceeding brought by appellee, the Valley Terminal Railway, and which had theretofore been voluntarily dismissed by said railway company. The action is based on the proviso of chapter 47, known as the Eminent Domain Statute (Cahill's Ill. St. ch. 47, ¶ 10) and which proviso reads as follows:

"*Provided,* that in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition, or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants, paid or incurred by such defendant or defendants, in defense of said petition, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs."

It appears from the record in this case that appellee,

the Valley Terminal Railway, had filed its petition for condemnation against appellants in the county court of St. Clair county and after the same had been continued for a period of some months dismissed the same. Thereafter on the same day it filed its petition in the circuit court of said county for the condemnation of the same lands and against the same parties. Appellants filed a cross petition for the purpose of obtaining damages to lands not taken. Said cause was twice tried in the circuit court. The first trial resulted in a mistrial on account of the serious illness of one of the jurors. The second trial proceeded to a verdict, the jury allowing appellants $1,000 for lands taken and $243,500 for damages to lands not taken. A motion for a new trial was made by appellee and was granted by the court on the ground of the misconduct of one of the jurors and one of the appellants, who had an interest in the lands sought to be condemned, and who was acting as agent for the other parties in the conduct of the defense. Said suit was vigorously contested both as to the right of appellee to maintain condemnation proceedings in the premises and as to the damages to lands not taken.

Thereafter appellee of its own motion dismissed said petition. Whereupon appellants instituted the present suit to recover attorneys' fees, costs, expenses, etc., alleged to have been incurred by them in said condemnation proceedings. To the petition filed by appellants, appellee filed two pleas, one denying liability generally and the other setting forth that it had paid all taxable costs for which it was liable and averring that appellants were not entitled to any compensation for costs, expenses and attorney fees paid or incurred by them for the alleged reason that a fair trial was prevented and a new trial awarded on account of the wrongful conduct above mentioned.

A trial was had without a jury before Judge Willard, city judge of East St. Louis, resulting in a finding

in favor of appellants Edward Whittiker, Horace J. Eggman and F. J. Steger for $2,750. On which finding judgment was rendered against appellee. To reverse said judgment this appeal is prosecuted by said appellants.

Prior to the decision of said cause appellants submitted the following proposition of law which was marked held by the court, to wit: "The court holds as a matter of law that the Valley Terminal Railway by voluntarily dismissing the petition made itself liable for all necessary expenses, taxable costs and reasonable attorneys' fees, which the defendants in the condemnation proceedings were made to bear or become liable for."

Appellee submitted seven propositions of law on the trial of said cause, all of which were marked refused by the court, so that on the law of the case the court held with the theory of appellants. No cross errors were assigned by appellee, so it leaves, as stated in brief of counsel for appellants, only "questions of fact and the ultimate question whether the court erred in refusing to allow appellants the amount of the expenses and attorneys' fees which they proved on the trial."

The amount claimed by appellants as disclosed by the itemized account presented on the trial amounted to $7,875.41. Without going into detail, it should be observed that a large proportion of the items making up said amount, both in the number of the same and in the aggregate amount of same, were for sums paid L. J. Sherrer (one of the parties defendant in said condemnation proceedings and a part owner of the land sought to be condemned) for his personal services incident to said condemnation proceeding and for items paid out by him, and sums paid to C. W. Roehrig, a civil engineer, for engineering service and for a watchman service and expenses incident thereto and $1,000 to a Missouri lawyer who had not been

admitted to practice in this State and who was not
employed by appellants but was employed by their at-
torneys.   We have no means of determining which
item of said account the trial court held proper and
which it refused to allow.   It is not incumbent on us
to determine the same provided there. is nothing in
the record to show that the finding thereon and judg-
ment of the trial court were erroneous.

In our judgment no allowance could be made under
the statute in question to Sherrer for service rendered
by him as he was a party to the proceeding.   We also
hold that appellee would not be held liable for the fee
of Mr. Hocker, a Missouri lawyer, and who had not
been licensed to practice in the State.   *Baxter v. City
of Venice,* 271 Ill. 233; *City of East St. Louis v. Freels,*
17 Ill. App. 339-342; *Sellers v. Phillips,* 37 Ill. App.
74-75; *Tedrick v. Hiner,* 61 Ill. 189-190.

We are also of the opinion that appellee would not
be held liable for the services of a watchman as we do
not think such expense was contemplated by the legis-
lature in the passage of said statute and the same
should not receive so broad a construction.   It must
be borne in mind in the consideration of this case that
except for the statute nothing could be recovered
against appellee for costs, attorney fees, etc.   *Rieker v.
City of Danville,* 204 Ill. 191.   It has also been held by
the Supreme Court that statutes of this character
should be strictly construed.   *Gehrke v. Gehrke,* 190
Ill. 166; *Dobler v. Village of Warren,* 174 Ill. 92.

We are also of the opinion that if it be conceded that
the allowance of expenses, attorneys' fees, etc., should
extend to expenses, attorneys' fees, etc., incurred in
trying to obtain damages to lands not taken as well as
to lands taken (and we are inclined to hold this is the
correct construction of said statute), that the expenses
so to be incurred should be kept in reasonable bounds.
In this case the land to be taken was less than an acre
and the damages for such land was found to be $1,000.

APPELLATE COURTS OF ILLINOIS.

In view thereof, it would seem that the fees and expenses for necessary surveys were out of all proportion to the matters involved. *Chicago & S. Traction Co. v. Gaines,* 129 Ill. App. 160; *Chicago & S. Traction Co. v. Flaherty,* 222 Ill. 67.

The evidence as to the amount of attorneys' fees that should be allowed in this case was somewhat conflicting, so that taking the whole record into consideration, including the conceded fact that a new trial was granted on account of the misconduct of one of the parties to the original condemnation proceeding and who had acted as agent for the other of the appellants therein, we are not able to say that the amount of the finding and judgment in this case was not proper from the evidence. It is contended by appellants that this is not the character of case for the submission of propositions of law to the court and that the finding of the court therefore is not entitled to the same weight as the verdict of a jury for that reason. Appellants are not in a very good situation to raise this question as they submitted a proposition of law which was held by the court on the trial. Be that as it may, we are of the opinion, however, and so hold, that the finding of the trial court in this character of case should be given great weight, as the court saw and heard the witnesses testify and is better qualified to determine the weight that should be given to the testimony of the various witnesses than are we, and for the further reason that the amount of the allowance of attorneys' fees, costs and expenses in such cases is largely in the discretion of the trial judge.

Counsel for appellee raise the question in their brief as to the jurisdiction of this court to entertain this appeal, it being insisted that the appeal should have been taken to the Supreme Court. This case is properly in this court as there is only a question of costs involved and that would not give the Supreme Court jurisdiction.

Finding no reversible error in the record the judgment of the trial court is affirmed.

*Judgment affirmed.*