[No. 16884. Department One. April 8, 1922.]

THE STATE OF WASHINGTON, *Appellant,* v. WILL D.
WALLACE, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v.
H. I. HOGGATT, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v.
I. J. COLLINS, *Respondent.*[1]

DISTRICT AND PROSECUTING ATTORNEYS (3)—SPECIAL PROSECUTORS
—APPOINTMENT—STATUTORY PROVISIONS. Rem. Comp. Stat., § 4135,
and Laws 1891, p. 95, § 5, both expressly authorize the court or judge
to appoint a special prosecuting attorney where the prosecuting
attorney is unable to perform his duties; and this, without any re-
cital or reference as to how he will be compensated.

SAME (3). Rem. Comp. Stat., § 4135, authorizing the appointment
of any qualified person in the state as special prosecuting attorney,
where no qualified person in the county will consent to act, author-
izes the appointment of an attorney from another county, when the
order recites that, upon request, local attorneys selected by the court
had refused to act.

Appeals from orders of the superior court for What-
com county, Hardin, J., entered March 28, 1921, quash-
ing grand jury indictments on the ground of disquali-
fication of the special prosecuting attorney.   Reversed.

*Loomis Baldrey* and *Frank W. Radley,* for appel-
lant.

*Peringer & Thomas,* for respondent Will D. Wallace.

*A. C. Durham* and *Edwin Gruber,* for respondent
H. I. Hoggatt.

*Will J. Griswold* and *C. E. Abrams,* for respondent
I. J. Collins.

TOLMAN, J.—These cases were by stipulation consoli-
dated for the purposes of this appeal, but the Collins

[1]Reported in 206 Pac. 27.

case was dismissed before the hearing was reached here, and therefore will not be further mentioned or considered. The appeals are from orders of the trial court quashing grand jury indictments upon the ground that the special prosecutor who presented these matters to the grand jury was disqualified.

It appears that a grand jury was duly convened in Whatcom county on December 28, 1920, and inferentially it appears that the chief purpose for the convening of the grand jury was that certain rumors and charges affecting various county officers, including the prosecuting attorney, should be probed and investigated, and that because of the rumors or charges affecting him and his office, the prosecuting attorney deemed himself disqualified to present these matters fully to the grand jury. The judges of the superior court and the county commissioners, with the prosecuting attorney assenting, seem to have arrived at the conclusion that it would not be wise or appropriate for the prosecuting attorney or any of his regular deputies to take part in these proceedings. Prior to the empaneling of the grand jury, on December 28, 1920, the judges of the superior court for Whatcom county made and entered an order reciting that it was necessary to have a special prosecuting attorney appointed to appear in the place of the prosecuting attorney before the grand jury, during the investigation of the county offices and officials, and therein appointed one Gomer Thomas special prosecuting attorney for the work referred to. On the same day, the prosecuting attorney also appointed Thomas as special deputy prosecuting attorney for the purpose indicated, and Thomas took the oath of office and entered upon his duties with the grand jury.

On December 30 following, the board of county commissioners entered an order reciting that they had not

appointed, and would not sanction the appointment of, Mr. Thomas as special deputy, or to act as prosecutor before the grand jury in the matter referred to, and in the order recited that if, as a matter of law, any action that the board had theretofore taken, or any action taken by any of its members, could be, or should be, construed as a consent to or approval of such appointment, then that appointment "be and the same is hereby now revoked." Mr. Thomas continued his work until January 3, 1921, when he resigned and refused to proceed further. The *Attorney General* of the state was called upon by the prosecuting attorney to come in person or to send an assistant or deputy from his office to take up this work, but the *Attorney General* found it impossible to comply with this request, and finally suggested that Tom W. Holman, prosecuting attorney for Jefferson county, then about to retire from that office, was a fit, proper and capable person to undertake the work, but did not then or afterwards appoint him as an assistant or deputy, or in any manner clothe him with any of the authority of the *Attorney General's* office.

On January 6, 1921, the judges of the superior court for Whatcom county entered an order in which it was recited that Thomas had resigned; had refused to further proceed with the work, though the court had requested him so to do; that the court had selected other local attorneys, who had refused to act; and "Tom W. Holman, prosecuting attorney of Jefferson county, residing at Port Townsend, Washington, being a fit and proper person to take charge of the grand jury, and he having indicated his willingness to accept the compensation offered by the commissioners of Whatcom county, Washington, it is therefore ordered that the said Tom W. Holman be and hereby is ap-

pointed as special prosecuting attorney to take charge of the grand jury now sitting, so far as the same has to do with the investigation of matters concerning and relating to any county officers in Whatcom county, Washington, or matters having any connection with any officers in Whatcom county, Washington,'' etc. On the same day, the board of county commissioners made an order appointing Mr. Holman as special prosecutor for the work indicated, fixing his compensation, and reciting therein the necessity for such appointment, and that the *Attorney General* had designated Mr. Holman as a fit, proper and capable person.  On the day following, the prosecuting attorney appointed Mr. Holman as special deputy prosecuting attorney for the grand jury work, and thereupon Mr. Holman took and filed an oath of office as special prosecuting attorney, entered upon his work and carried it through to completion.  In the meantime, on January 9, 1921, the prosecuting attorney completed his first term of office, and having been theretofore re-elected, entered upon his second term. On the same day, the terms of two members of the board of county commissioners expired, and they were succeeded by their duly elected successors.  Immediately following their qualification, the prosecuting attorney again appointed Mr. Holman as special prosecutor, and the new board of county commissioners did likewise, and Holman again took and filed a proper oath of office.  On February 24, 1921, the grand jury returned the indictments which are now in question, and thereafter, on presentation of a proper motion, the trial court entered an order quashing these indictments, from which order this appeal is prosecuted.

The trial court appears to have based its orders upon the supposed disqualification of Mr. Holman to

appear as special prosecutor before the grand jury, interrogate witnesses, present the evidence, and sign the indictments, it not being contended, and there being nothing in the record to indicate, that Mr. Holman was present with the jury during any of its deliberations, or while the jury was voting upon the question of finding these indictments, or either of them. The sole question now presented, therefore, is as to the qualification of Mr. Holman to so appear as special prosecutor before the grand jury.

It is not entirely clear from the record whether the orders appealed from were based upon the idea that the prosecuting attorney was not disqualified, but was ready, willing and able to himself proceed with the work, or upon the conceded fact that Mr. Holman was not a resident or an elector of Whatcom county at the time. A careful reading of the record, however, convinces us that the prosecuting attorney made clear to the trial court his position, which was, in effect, that he was disqualified as to the investigation of the charges affecting his own office, and that the charges affecting other county officers were, or might be, so interrelated as to make it improper or embarrassing for him to act thereon; and that he was ready to proceed with relation to all other matters which might come before the grand jury, but refused and declined to so proceed with reference to the investigation of any of the county officials. With the record in this state, we conclude that the orders quashing the indictments were in fact based wholly upon the supposed disqualification of Mr. Holman arising from his having been a resident and elector of another county at the time of his appointment, and during the time of his service. Hence the case of *State v. Heaton*, 21 Wash. 59, 56 Pac. 843, discussed in the briefs, is not in point.

Our statutory law upon the subject of the appointment of special prosecutors is somewhat involved and confusing. The first enactment upon the subject appears to have been that of 1858 (Laws of 1857-8, p. 13, § 6), which reads:

"When the prosecuting attorney fails, from sickness or any other cause, to attend at a term of the district court, or a criminal session of the probate court, where he has (been) duly notified of business to be transacted, or to perform his duties at such term, the court may appoint some qualified person to discharge the duties of prosecuting attorney, who shall receive the fees of the office accruing for services rendered under such appointment."

This act was amended in respect to the fees to be paid, or re-enacted with slight changes in the wording, without in any manner changing or limiting the power of the court to appoint, a number of times at subsequent sessions of the legislature, and was put in its present form as it appears in Rem. Code, § 3966 (P. C. § 1794), by the amendatory act of 1893 (Laws of 1893, p. 82, § 1), which reads:

"When any prosecuting attorney fails, from sickness or other causes, to attend a session of the superior court of the county for which he was elected or is unable to perform his duties at such session, the court or judge may appoint some qualified person to discharge the duties of such session, and the person so appointed shall receive a compensation to be fixed by the court, to be deducted out of the stated salary of such prosecuting attorney, not exceeding, however, one-fourth of the quarterly salary of such prosecuting attorney: *Provided,* That in counties wherein there is no person qualified for the position of prosecuting attorney, or wherein no qualified person will consent to perform the duties of that office, the judge of the superior court of that county shall appoint some suitable person, a duly admitted and practicing attorney

at law and resident of the state of Washington, to perform the duties of prosecuting attorney for such county, and he shall receive such reasonable compensation for his services as shall be fixed and ordered by the court, the same to be paid by the county for which such services are performed." [Rem. Comp. Stat., § 4135.]

In addition to all of this, the legislature, in 1891, passed a general act entitled "An Act in relation to attorneys," § 5 of which reads:

"When from illness or other cause the prosecuting attorney is temporarily unable to perform his duties, the court or judge may appoint some qualified person to discharge the duties of such officer in court until such disability is removed." Laws of 1891, Ch. LV, § 5, p. 95.

which does not appear to have since been amended or repealed. We see no reason, under the familiar and well-settled rules, which we have long followed, why either of these acts should be held to have repealed the other by implication, and therefore must hold that both are still in full force and effect.

Without going further or discussing the authorities cited from other jurisdictions, we are of the opinion that there is ample authority vested in the superior court to appoint a special prosecutor in all proper cases, and that the exercise of that authority is not conditioned upon any recital in the order as to how, or from what source, he shall be compensated. Further, the act of 1893 expressly authorizes the appointment of any qualified attorney resident of the state in cases where there is no qualified person resident of the county who will consent to act, and such condition fairly appears from the recitals in the order appointing Mr. Holman; but even if these recitals were held to be insufficient, the superior court will be presumed

to have acted within its authority until the contrary is made to appear. Here there is no suggestion in the record that at the time in question there was any qualified person resident of Whatcom county who was willing or consented to perform the duties of the prosecutor.

The judgments appealed from are reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.