THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWIN RAY MUNSON, Plaintiff in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 4, 1926.*

1. CRIMINAL LAW—*State's attorney is a judicial officer.* Within their respective districts or counties prosecuting attorneys are judicial officers of the State though not officers of the State at large.

2. SAME—*State's attorney, to participate in prosecution, must be a licensed attorney.* It is inherent in the duties of the office of State's attorney, as those duties are prescribed by statute, that such officer be licensed to practice law, as one who is not a lawyer can not commence or prosecute suits in courts of record of the State; and a State's attorney who is not licensed to practice law has no authority to appear before a grand jury or to participate in the trial of the cause or on appeal, notwithstanding other persons actually licensed to practice law are associated with him in the trial.

3. SAME—*when presence of an unauthorized person invalidates proceedings of grand jury.* An indictment will be quashed, on motion, where the grand jury, in returning the same, were influenced and the defendant was prejudiced in his substantial rights by the presence of an unauthorized person in the grand jury room.

THOMPSON, FARMER and DUNCAN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding.

EMERY ANDREWS, and RAYMOND G. REAL, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, A. A. BROWN, State's Attorney, and MERRILL F. WEHMHOFF, (MCLAUGHLIN & BILLMAN, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted by the grand jury of Moultrie county under three indictments, one charging robbery, another conspiracy to rob, and the third, larceny in connection with the robbery of the Farmers State Bank at

Gays, Illinois. A motion was made to quash the indictments for robbery on which he was tried. The motion was overruled and plaintiff in error was convicted on the trial.

The evidence of identification and alibi, which was the only contested point in the case, shows it to have been sharply contradictory. Five or six witnesses, residents of Mattoon, were offered as character witnesses, each of whom testified to the good character of plaintiff in error as a law-abiding citizen.

Numerous errors are assigned in the cause. We are met on the threshold of the case, however, with the contention that owing to the fact that A. A. Brown, the State's attorney of Moultrie county, was not a licensed attorney, the indictment returned by the grand jury was void and should have been quashed on motion. Other counsel appeared in the trial of the cause and assisted therein, but the record shows that Brown conducted the examination of the witnesses before the grand jury, secured the attendance thereof by the issuance of subpoenas, aided in the drawing of the indictments and signed the same as State's attorney of Moultrie county. A motion was made to quash the indictment and to dismiss the proceeding on this and other grounds.

The question concerning the effect of participation in the securing of an indictment by one elected as State's attorney but not licensed to practice law has never been considered by this court. Section 22 of article 6 of our constitution provides as follows: "At the election for members of the General Assembly in the year of our Lord 1872, and every four years thereafter, there shall be elected a State's attorney in and for each county in lieu of the State's attorneys now provided by law, whose term of office shall be four years."

Section 5 of chapter 14 of our statutes (Smith's Stat. 1925, p. 168,) specifies the duties of a State's attorney as follows: "To commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any

court of record in his county, in which the people of the State or county may be concerned."

By section 1 of the act relating to attorneys and counselors (Smith's Stat. 1925, p. 164,) it is provided that no one shall be permitted to practice as an attorney in this State, or to commence, conduct or defend any action, suit or plaint in which he is not a party concerned, in the county or probate court or any court of record, either by using or subscribing his name or the name of any other person, without having previously obtained a license to practice.

It is contended on behalf of the People that as the constitution, which creates the office of State's attorney, and the statute providing for the election of that officer, do not require that the incumbent shall be licensed to practice law in this State, therefore want of license to practice law is not a bar to eligibility to that office, and that since he may act as State's attorney he may attend a grand jury, subpœna witnesses and examine them, and draw and sign indictments. Counsel cite *People* v. *McCormick, 261* Ill. 413, as authority for that proposition. That case had to do with the title of McCormick to the office of commissioner of the county of Cook. It was contended that in order to be eligible he must have been a resident of the county for five years preceding the election. It was held in that case that such five-year provision did not apply to a county commissioner, and in the opinion it is said that all persons are equally eligible to office who are not excluded by some constitutional or legal disqualification, and that eligibility does not depend upon the right of suffrage, as persons not electors may be appointed or elected to various offices. The language used is general. There was nothing in the statutes of this State limiting or affecting the eligibility of those who sought to discharge the duties of the office of commissioner.

By section 1 of the statute relating to attorneys and counselors, as we have seen, "no person shall be permitted

to practice as an attorney or counselor at law, or to commence, conduct or defend any action, suit or plaint, * * * without having previously obtained a license for that purpose," etc., and if the discharge of the duties of State's attorney is practicing law within the meaning of said section, the requirement as to eligibility must be held to apply to a State's attorney. A prosecuting attorney at common law was regarded as one of the judicial officers of the State, and the rule has been that within their respective districts or counties prosecuting attorneys are such officers though not officers of the State at large. (*People* v. *Williams,* 232 Ill. 519.) In some jurisdictions it has been held that unless expressly required by the constitution or statute, a license to practice law is not necessary in order to render one eligible to the office of State's attorney or district attorney. (*People* v. *Dorsey,* 32 Cal. 296; *State* v. *Swan,* 60 Kan. 461.) It has, however, been held in other jurisdictions that in order to be eligible to fill the office of State's attorney it is necessary that the incumbent be a licensed attorney. In *State* v. *Russell,* 83 Wis. 330, W. E. Erwin, a resident of the city of St. Paul, Minnesota, was appointed as counsel to assist the district prosecuting attorney in the trial of the case. Objection was entered on the ground that Erwin was not a resident of the State of Wisconsin and was not licensed to practice law in that State, and that as Erwin had participated in the trial of the cause and had taken a leading part therein, controlling the management thereof, this was reversible error. Erwin was an attorney at law, licensed to practice in the State of Minnesota. It was held that one who is appointed to assist the State or prosecuting attorney must be licensed to practice law in that State. To the same effect are *People* v. *May,* 3 Mich. 598, and *People* v. *Hallett,* 1 Colo. 352. This we believe to be the better rule. Under the schedule of duties laid down by the statute, the State's attorney is to commence and prosecute all actions, suits, indictments and pro-

ceedings on behalf of the People in any court in the county.
The statute also provides that prosecutions of criminal cases
of the grade of·felony shall be commenced by an indict-
ment secured and returned as provided by law.   There is
no statute specifically requiring the State's attorney to be
admitted to practice law nor does the constitution require
it, but it is inherent in the duties of the office itself, as those
duties are prescribed by the statute.   One not a lawyer un-
der the laws of this State cannot commence or prosecute
suits in its courts of record.   (*People* v. *Hubbard,* 313 Ill.
346; *People* v. *Schreiber,* 250 id. 345; *Robb* v. *Smith,* 3
Scam. 46.)   Attorneys are divided into two general classes:
attorneys at law and attorneys in fact.   It cannot be said
that in the presentation of cases before the grand jury and
in drawing indictments and assisting in the prosecution
thereof a State's attorney acts as an attorney in fact, yet by
the statute he is required to do not only these things, but to
appear in court and commence and prosecute therein cases
on behalf of the People.   The right to perform such duties
is specifically denied by statute to one who is not a licensed
attorney.   The State's attorney is the attorney for the State
and for the county in which he is elected.   He is entrusted
with broad official discretion.   He is given power to file
informations, sign indictments, and to sue out writs of sub-
pœna and summons, thereby, in a measure, exercising the
power of the court in representing the People in their cases.
Both logic and the weight of authority require that one
who discharges those duties have the qualifications of such
an officer.   (*Commonwealth* v. *Gibbs,* 4 Gray, 146; *Sneed*
v. *People,* 38 Mich. 248; *State* v. *Russell, supra.*)   In
*People* v. *May, supra,* the question was squarely presented,
and it was there held that no person not previously admit-
ted to the bar is eligible to the office of prosecuting attor-
ney without a special statute to that effect, for the reason
that his office and the duties involved necessarily imply that

if he be an attorney for the People he must be qualified to represent his client at law.

This court has had occasion to pass upon a similar question regarding the office of city attorney. In *Baxter* v. *City of Venice,* 271 Ill. 233, Baxter had been elected city attorney of the city of Venice and brought suit to recover his salary for a period of six months. He was not licensed to practice law and the suit was defended on that ground. It was there held that while the statute provides no qualifications or duties for city attorney except that he shall be a qualified elector of the city and shall have resided there at least a year before his election, the qualification that he be an attorney at law arose by implication. This court there said: "An attorney, using the word in its broadest sense, is a substitute authorized by another to act for him. Where an agent is formally appointed for some particular business or with general authority to act for another he is called an attorney in fact, but when the word is used without qualification it is usually understood to refer to an attorney at law. It is used so in the Cities and Villages act, which requires the election of a city attorney as well as a city clerk and a city treasurer. It was not intended that the city should elect an agent who should represent and act for the city, generally, as its business agent. A reasonable interpretation of the requirement is that the city attorney should give advice and counsel upon legal questions to the city and its officers, and should represent the city in the courts and in the preparation and trial of cases for it. He could not represent the city in a court of record unless he was a licensed attorney. In *Tedrick* v. *Hiner,* 61 Ill. 189, we held that one having no license as an attorney at law could not recover for services rendered as such attorney. Among the services required of the appellant by the city ordinances were prosecutions for violations of city ordinances and the conducting of appeals from justices' courts, and all these services could be rendered only by a licensed attorney. The

law contemplated that the services to be rendered by a city attorney were such as only a licensed attorney could render. An incumbent of the office is therefore required to be a licensed attorney." To the same effect is *Donaldson* v. *Village of Dieterich,* 247 Ill. 522.

Counsel for the ·People argue that the above cases are not applicable here because the office of city attorney is not a constitutional office, but the argument is not impressive. The situations, so far as prescribed qualifications are concerned, are identical. None exist, either in the constitution or statutes, relating to either office; and, moreover, as we have seen, the statute governing the right to appear in courts of record and to represent persons other than the one appearing, limits that right to one who has a license to practice law. The language of the constitution providing for the election of a State's attorney must be construed in the light of the meaning of the term "State's attorney" as it is understood in the law. Both that term and the duties of the office as prescribed by statute imply that such officer be licensed to practice law.

Counsel for the People also cite cases which, they argue, support their contention that one not licensed to practice law may properly be before the grand jury, and his presence there will not vitiate an indictment unless prejudice to the accused is shown. The cases cited have to do with the presence of a stenographer in the grand jury room. The qualifications of one acting in the capacity of State's attorney in the presence of the grand jury did not there arise. A State's attorney appears before the grand jury during their investigations and conducts the examination of witnesses because of the responsibility resting upon him to enforce and vindicate the criminal law and to prosecute the cases as State's attorney. His appearance there is a part of· his duties in connection with the prosecution of the case. Counsel have cited no case, and we are aware of none, holding that though a State's attorney must be licensed to prac-

tice law, one not so licensed may properly be in the presence of the grand jury during their investigation and engage in the examination of witnesses.

It is also urged on behalf of the People that no prejudice or damage is here shown by reason of the appearance of Brown before the grand jury, and that before plaintiff in error will be entitled to have the indictment quashed on that ground he must show prejudice or damage. It is a fundamental element of a grand jury investigation that it be secret. To this end the law refuses to permit one to be in the presence of the grand jury during the investigation who is not legally and properly before it. It is well settled in this country that an indictment will be quashed, on motion, where the grand jury, in returning the same, were influenced and the defendant was prejudiced in his substantial rights by the presence of an unauthorized person in the grand jury room. In *Collier* v. *State,* 104 Miss. 601, an indictment was held invalid where an attorney, not the public prosecutor, went before the grand jury and examined witnesses and used his influence in the matter of the presentment. This rule was also followed in *United States* v. *Kilpatrick,* 16 Fed. 765, *State* v. *Clough,* 49 Me. 573, and *State* v. *Wetzel,* 75 W. Va. 7. Some authorities hold that the mere presence in the grand jury room of an unauthorized person is sufficient to render an indictment found under such circumstances invalid. (*Latham* v. *United States,* 226 Fed. 420; *Commonwealth* v. *Harris,* 231 Mass. 584; *State* v. *Salmon,* 216 Mo. 466; *State* v. *Heaton,* 21 Wash. 59.) It has been held, however, that the presence of an unauthorized person in the grand jury room is insufficient to render invalid an indictment unless it is made to appear that the grand jury were influenced and the accused prejudiced in his rights. (*State* v. *Bates,* 148 Ind. 610; *Jones* v. *State,* 50 Ala. 54; *State* v. *Challis,* 75 N. H. 492; *State* v. *Brewster,* 70 Vt. 341.) It has been held that the presence of an unauthorized person in the grand jury room will

not affect the validity of an indictment where such person was not present during the time the jury were investigating or deliberating upon a charge against the accused. (*Mullins* v. *Commonwealth,* 115 Va. 945.) The rule in this State is, that while unauthorized persons are never to be permitted to be present in the grand jury room, the presence of such a person is not sufficient to vitiate the indictment unless it appears that the defendant was prejudiced by such presence. (*People* v. *Arnold,* 248 Ill. 169.) In *People* v. *Hartenbower,* 283 Ill. 591, it was held that the presence in the jury room of a special assistant State's attorney appointed by the State's attorney, who examined witnesses before the grand jury, was not ground for quashing the indictment where no prejudice is shown, even though the appointment was not according to law. The special assistant State's attorney in that case was a licensed attorney.

A grand jury is organized for the purpose of protecting citizens from unfounded accusation as well as investigating charges of crime and returning indictments thereon. By reason of the fact that the purpose of such protection may be largely forfeited where the investigations of the grand jury become known, the work of that body is surrounded by secrecy and vested with solemnity. Out of these views has arisen the rule that unauthorized persons may not be allowed to attend upon their investigations. It is apparent in the case at bar that the participation of Brown in the investigation of the grand jury, his presence and examination of witnesses, his preparation of the indictments and his advice incident to the law relating to indictments in cases of this character prejudiced the interests of the defendant. He did not appear merely as a clerk or stenographer but as a prosecuting attorney representing the People in the commencement of a proceeding by indictment for the purpose of prosecuting a breach of the law. It is evident that the indictment in this case was procured directly through the assistance of Brown, acting as State's attorney.

If one unauthorized to practice law or appear in courts of record may assist the grand jury in returning an indictment merely because he has been elected to the office of State's attorney, no reason is seen why one not so elected and not otherwise qualified may not do the same. What is said with reference to his authority to appear before the grand jury likewise applies to his participation on the trial of the cause or on appeal. The statute prohibiting the practice of law by one not licensed is to be observed in fact as well as in theory, and the fact that there may be associated in the trial of the case other persons actually licensed to practice law in nowise validates the participation of one not so authorized.

The circuit court erred in not sustaining the motion to quash the indictment.

Numerous other errors are assigned and argued, but as our conclusions concerning the lack of qualification of Brown to act as State's attorney and his work before the grand jury require that the indictment be quashed, it does not become necessary to consider further assignments of error.

The judgment of the circuit court is reversed.

*Judgment reversed.*

THOMPSON, FARMER and DUNCAN, JJ., dissenting:

There is no showing made by plaintiff in error that Brown was in the grand jury room while the grand jury was considering the evidence upon which the indictment was returned, nor is there a showing that Brown did anything in the grand jury room that in any way prejudiced the rights of plaintiff in error. Therefore we cannot concur in the conclusion that the indictment should be quashed because an unauthorized person was present in the grand jury room while witnesses were being examined. *People* v. *Hartenbower, supra; People* v. *Arnold, supra.*