THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BUFFALO CONFECTIONERY COMPANY *et al.*, Defendants-Appellees.— THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LAWRENCE LIEBERMAN *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 76-1629, 77-111 cons.

Opinion filed

William J. Scott, Attorney General, of Chicago (Anne Taylor and John F. Podleska, Assistant Attorneys General, of counsel), for the People.

Joseph V. Roddy and Michael J. Madden, both of Chicago, for appellees Buffalo Confectionery Company and Peter Nichols.

George J. Cotsirilos and S. Jack Micheletto, both of Chicago, for appellees Lawrence Lieberman and L & S Foods, Inc.

Mr. JUSTICE MEJDA delivered the opinion of the court:

After two separate presentations to the Cook County grand jury by Assistant Attorneys General of the State of Illinois, indictments were returned against defendants, Buffalo Confectionery Company, Peter Nichols, L & S Foods, Incorporated, and Lawrence Lieberman. The indictments charged each defendant with the offense of theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)) in exerting unauthorized control over State use tax money. In addition, Lieberman was indicted for signing and filing fraudulent retailers' occupation tax returns in which gross receipts were understated, and L & S Foods, Inc., was indicted for filing fraudulent retailers' occupation tax returns. (Ill. Rev. Stat. 1973, ch. 120, par. 452.) Upon arraignment Nichols, a partner in Buffalo Confectionery Company, pleaded not guilty to the charges against him individually, and to the charges against the company. At a separate arraignment, Lieberman, a corporate officer of L & S Foods, Inc., entered a plea of not guilty on his own behalf and on behalf of the corporation. The two cases proceeded to separate hearings. The State appeals from orders of the trial court entered in each case granting defendants' motion to dismiss the indictments. The two cases were consolidated for review.

The sole issue which we must consider upon review of this case is whether the Attorney General has the power to initiate the prosecution of such cases before a grand jury. We conclude that he does not and therefore affirm the dismissal of the instant indictments. In light of this disposition, we find it unnecessary to pass upon the remaining issue argued by the State, namely, whether a party whose acts violate the Retailers' Occupation Tax Act may also be charged with theft under the provisions of the Criminal Code. The pertinent facts follow.

In each case, defendants attached a copy of the minutes of the grand jury to their motion to dismiss. The report of proceedings before the grand jury in the matter involving Nichols and Buffalo Confectionery Company shows that the presentation was made by an Assistant Attorney General unaccompanied by the State's Attorney or an assistant. In introducing herself to the grand jury, the Assistant Attorney General asserted that she was "assisting" a named Assistant State's Attorney in this particular case. In argument before the trial court on the motion to dismiss the indictments, the Assistant Attorney General stated that the State's Attorney was "absent by his own choice" when this matter was before the grand jury.

In the case involving Lieberman and L & S Foods, Inc., another Assistant Attorney General, again unaccompanied by an Assistant State's Attorney, introduced himself to the grand jury as "assisting" a named Assistant State's Attorney, and added: "I am here at his request."

An Assistant State's Attorney appeared at each defendant's arraignment to aid in setting bond. However, the record concerning Nichols and the Buffalo Confectionery Company shows that it was the Attorney General's Office alone which responded to defendants' motions for discovery and a bill of particulars. Similarly, in both cases it was an Assistant Attorney General who, unaccompanied by personnel from the State's Attorney's Office, appeared before the trial court to argue defendants' motions to dismiss the indictments. Finally, it is the Attorney General's Office alone which is pursuing this appeal.

OPINION

■■ As noted, we have concluded that the instant indictments were properly dismissed because the Attorney General was not empowered to initiate the prosecutions of these cases before the grand jury. Prior to discussing this issue, however, we must preliminarily note our total disagreement with the State's contention that defendants have no standing to challenge the Attorney General's power in this regard. The presence of an unauthorized person during grand jury proceedings is a valid basis upon which to attack an indictment. (See Ill. Rev. Stat. 1975, ch. 38, pars. 112—6(a) and 114—1(a)(5); *People v. Flynn* (1940), 375 Ill. 366, 31 N.E.2d 591; *People v. Munson* (1925), 319 Ill. 596, 150 N.E. 280.) Certainly, therefore, if

the Attorney General improperly appeared before the grand jury and initiated and obtained the instant indictments, defendants would have suffered substantial prejudice and would have standing to challenge such appearance via a motion to dismiss.

The Attorney General contends, however, that his appearance before the grand jury in this case was not improper. We disagree, and find the recent case of *People v. Massarella* (1977), 53 Ill. App. 3d 774, 368 N.E.2d 507, *appeal allowed* (1978), 67 Ill. 2d 594[1], most persuasive in this regard.

In *Massarella*, as in the matter before us, the Attorney General initiated proceedings before the grand jury unaccompanied by the State's Attorney. On appeal by defendants of their convictions, the Attorney General argued that the State's Attorney "never objected" to the Attorney General's appearance. The *Massarella* court, while recognizing that the Attorney General may *assist* the State's Attorney in the prosecution of criminal cases (see Ill. Rev. Stat. 1975, ch. 14, par. 4; *People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 132 N.E.2d 507; *People v. Looney* (1924), 314 Ill. 150, 145 N.E. 365), found that where the Attorney General presents a case before the grand jury without any request by the State's Attorney to so proceed, and without any appearance of or participation by the State's Attorney or his assistant, the Attorney General's actions could not be characterized as mere assistance. Rather, the court concluded that "the lack of meaningful participation by the State's Attorney in prosecuting the case convinces us that the Attorney General simply usurped the State's Attorney's powers and ignored the constitutional officer who has been traditionally empowered to prosecute criminal violations." 53 Ill. App. 3d 774, 786, 368 N.E.2d 507, 515.

We have examined the precedents and authorities cited in *Massarella* and find the reasoning contained therein equally applicable to the instant appeal. The respective duties of the Attorney General and State's Attorney are clearly defined by statute. (Ill. Rev. Stat. 1975, ch. 14, pars. 4 and 5.) Moreover, the State's Attorney alone is empowered to appear before a grand jury. (Ill. Rev. Stat. 1975, ch. 38, par. 112—6(a).) While the Attorney General may assist upon request in such actions, we do not believe that the facts in the cases before us reflect mere assistance.

The word "assist" may be pertinently defined as (1) to give support, aid, or help to; (2) to be associated with as an assistant; (3) to give aid or help; and (4) to be present, as at a meeting, ceremony; or (5) a helpful act. (Random House Dictionary of the English Language 90 (1966).) In these cases, however, the Attorney General's Office did much more than merely help or give aid to the State's Attorney.

■■ The records on appeal reveal that the grand jury proceedings were conducted by an Assistant Attorney General alone. No State's Attorney entered an appearance. Similarly, with one exception, any other action in

---

[1] This case was argued before the Illinois Supreme Court on May 11, 1978.

these cases, including this appeal, were conducted by the Attorney General's Office alone. As in *Massarella*, the only time the State's Attorney appeared in these cases, through his assistants, was at defendants' arraignments. The State's Attorney's actions in helping to set bond at these perfunctory appearances were nothing more than ministerial in nature. (See *People v. Massarella* (1977), 53 Ill. App. 3d 774, 783, 368 N.E.2d 513.) Although the Assistant Attorneys General asserted to the grand jury that they were assisting, or were there at the request of an Assistant State's Attorney, the records are devoid of such request and otherwise contain no showing of meaningful participation by the State's Attorney. We find the aforementioned statements alone insufficient to establish the fact of assistance, and conclude that the record shows nothing other than the sole prosecution of these cases by the Attorney General. This is not proper. See *People v. Massarella*, and authorities cited therein.

The Attorney General, however, further argues that even outside his role of assisting the State's Attorney, his office is empowered under both common law and statutory authority to independently prosecute a criminal case, which includes presenting a case to the grand jury. This issue was also extensively discussed in *Massarella*. The offense alleged in that case was theft of Illinois motor fuel tax monies. The court, after a historical examination of the law governing grand jury activities and especially the role of the Attorney General, concluded that the Attorney General's power to institute such proceedings is a matter for the legislature. We agree.

■■ ■ In reaching this agreement we would note one particularly persuasive factor. Both the *Massarella* court, as well as the instant defendants, point out that the Attorney General has made several unsuccessful attempts to obtain the legislature's authorization to pursue revenue cases such as this before a grand jury. (See. H. B. 2063, S. B. 976, 79th Ill. G.A. (1975); H. B. 2425, 78th Ill. G. A. (1974).) Unsuccessful legislative attempts to confer upon the Attorney General the statutory authority to directly prosecute tax cases, while not controlling, suggest the legislative intent that the Attorney General is not statutorily authorized to prosecute this case. (82 C.J.S. *Statutes* §360, 790-91 (1953), *City of Ingleside v. Johnson* (Tex. Civ. App. 1976), 537 S.W.2d 145, 153.) Certainly, as the *Massarella* court indicated, the rejection of these proposals by our legislature seriously undermines the Attorney General's argument in this regard:

> "Defendants urge that, at the very least, the Attorney General's contention in this case is undermined by his proposal of the legislation. We agree. The legislature has spoken. The defeat of the proposed bills makes it clear that the Attorney General did not possess in the past, nor does he presently possess, the authority to solely institute criminal proceedings against defendants for their

activities in connection with State taxes." 53 Ill. App. 3d 774, 785, 368 N.E.2d 513, 514.

Insofar as we find no statutory enactment conferring such authority upon the Attorney General with respect to the offense alleged in the instant cases, we similarly conclude that the Attorney General does not possess the power to solely institute criminal proceedings against defendants. It is apparent therefore that the indictments in this case, as in *Massarella*, were "properly procured by an unauthorized person." 53 Ill. App. 3d 774, 786, 368 N.E.2d 513, 515.

For the foregoing reasons, the orders of the circuit court of Cook County dismissing the indictments against defendants are affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.