[No. 1940. Decided March 11, 1896.]

THE STATE OF WASHINGTON, *Respondent,* v. T. C. FOUNTAIN, *Appellant.*

OFFICERS DE FACTO—MUNICIPAL ORDINANCES—PROSECUTIONS UNDER—
ENACTMENT—INSTRUCTIONS.

Where an individual is appointed by the proper authority to an office and enters upon the discharge of its duties, he is a *de facto* officer and his acts are valid and binding, although he may not possess some of the requisite qualifications to hold the office.

A prosecution for the violation of a town ordinance may be brought in the name of the state, under art. 4, § 27, of the constitution, which provides that "the style of all process shall be 'The State of Washington,' and all prosecutions shall be conducted in its name and by its authority," notwithstanding that Gen. Stat., § 676, provides that such prosecutions shall be in the name of the "People of the State of Washington."

The omission of the name of the town in the enacting clause of an ordinance which otherwise conforms to the statute establishing the form of such enacting clauses does not invalidate the ordinance, where it appears from the title that it was designed to be an ordinance of a certain town, and the proof shows that it was regularly passed by the council of such town.

An instruction in a prosecution for setting up a billiard table and allowing it to be used without having first obtained a license as provided by a town ordinance, that if defendant allowed any person to play on the table it would constitute a public use, whether he re-

ceived any pay therefor or not is not objectionable as tending to convey an impression that the ordinance would be violated by permitting persons to play on a table in a man's private house, where the evidence before the jury is that the table was set up for hire.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge. Affirmed.

*Bush & Coons*, for appellant.

*J. B. Bridges*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

ANDERS, J.—The defendant was arrested and tried before F. W. Allender, police justice of the town of Cosmopolis, for violating ordinance No. 20 of said town, by setting up for public use and allowing to be so used, within the corporate limits thereof, a billiard table, without first having obtained a license therefor from said town, in the manner provided in said ordinance.

At the trial before the police justice, counsel for defendant moved the court to dismiss the complaint and discharge the defendant for the reasons:

"(1) That the person who is acting as police justice, to-wit, the said F. W. Allender, is not a legal police justice because he has not resided in the town and state a sufficient length of time to make him eligible to hold office; (2) that said Allender is not a justice of the peace for Cosmopolis, nor for any precinct in Chehalis county, and has no jurisdiction to try a case which is brought in the name of the state; (3) that the ordinance No. 20 of the town of Cosmopolis, under which this action is prosecuted, is unconstitutional and void for the reason that the enacting clause of the said ordinance does not comply with, and is not in the words prescribed in, the statute for the enacting clauses of all ordinances to be passed by towns of the fourth class; (4) that the ordinance

does not show, except in its title, that it is an ordinance of said town of Cosmopolis."

This motion was denied by said police justice, who thereupon entered a plea of not guilty for the defendant, and proceeded with the trial of said cause and adjudged the defendant guilty as charged and sentenced him to pay a fine of fifty dollars and the costs of prosecution. From that judgment and sentence defendant appealed to the superior court of Chehalis county.

After the cause was removed to the superior court, appellant's counsel moved to dismiss and discharge the defendant for the same reasons that were urged before the police justice, which motion was denied, and the defendant excepted to the ruling of the court. When the cause was brought on for trial, counsel for the defendant objected to the introduction of any testimony, for the reason that the ordinance was unconstitutional and void, and that the police justice had no jurisdiction; which objections were overruled by the court, to which ruling the defendant excepted. After the testimony for the state had closed, defendant moved the court to dismiss the action for the reason that the state had failed to make out a case for the jury. This motion was also denied and an exception duly taken. The jury returned a verdict of guilty as charged. A motion for a new trial was made and overruled, after which the court sentenced the defendant to pay a fine of $25, and the costs of prosecution. From this judgment and sentence this appeal is prosecuted.

The first point made by appellant is that the acting police justice was without authority to hear and determine this cause for the reasons stated in his motions to dismiss, that said justice was not eligible to the

office he assumed to hold, and was not a duly elected
justice of the peace for Cosmopolis, or for any other
precinct in Chehalis county.

The statute concerning municipal corporations of
the fourth class provides for the appointment, by the
council, of a police justice who may be one of the jus-
tices of the peace of the township in which the town
is situated and who shall have jurisdiction over all
offenses defined by any ordinance of the town, etc.
Gen. Stat., §§ 662 and 691. It is conceded by the ap-
pellant that the police justice was appointed by the
proper authority, the town council, and that he was
assuming to discharge the duties pertaining to the
office of police justice; but it is contended that he
was not a regularly elected justice of the peace at the
time of his appointment, and therefore had no author-
ity to hear and determine this action. We are unable
to discover anything in the record showing that Mr.
Allender was not a justice of the peace at the time of
his appointment, and we may therefore presume that
the council did its duty and appointed a proper person
to that office. But whether he was or was not at that
time a justice of the peace is quite immaterial, so far
as the appellant is concerned. It is true, that every
officer must be elected or appointed, as the case may
be, in the manner provided by law, but where an in-
dividual is appointed by the proper authority to an
office and enters upon the discharge of its duties, he
is a *de facto* officer, and his acts are valid and binding,
although he may not possess some of the requisite
qualifications to hold the office. In such a case his
acts cannot be collaterally attacked or inquired into.
Hawes, Jurisdiction of Courts, § 114, and cases cited.

But appellant further contends that the police jus-
tice had no right to hear and determine this cause, for

the reason that the action was brought in the name of the State of Washington and not in that of the People of the State of Washington, as provided in § 676 of the statute. But we do not think the action should be dismissed for that reason. The same section provides that "the violation of any ordinance of such town shall be deemed a misdemeanor." If the violation of an ordinance is a misdemeanor, it must be deemed also a public offense, under § 1184 of the Code of Procedure. The action was therefore properly prosecuted in the name of the State of Washington under § 27 of art. 4 of the state constitution, which provides that "the style of all process shall be 'The State of Washington,' and all prosecutions shall be conducted in its name and by its authority." In our judgment either title would be sufficient in a case like this, as the difference in substance between the statutory and the constitutional provision is very slight.

The title of the ordinance in question is as follows: "Ordinance No. 20. An ordinance to regulate the keeping of billiard, pool, bagatelle and pigeon tables for public use in the town of Cosmopolis," and the enacting clause is in these words: "Be it ordained by the town council." Appellant insists that this ordinance is unconstitutional and void because the enacting clause does not comply with the statute under which the town was organized. It is a sufficient answer to this contention to observe that there is nothing in the constitution referring to the subject.

And, therefore, the only remaining question upon this point is whether the ordinance is void by reason of the defect in the enacting clause. The statute (§ 674) provides that: "The enacting clause of all ordinances shall be as follows: 'Be it ordained by the council of the town of ————.'" It will be seen

that the only discrepancy between the enacting clause of this ordinance and that prescribed by the statute is the omission of the words "of Cosmopolis," and we think the ordinance cannot be held invalid on account of such omission. It not only appears by the title of the ordinance that it was designed to be an ordinance of the town of Cosmopolis, but the proof shows that the ordinance was regularly passed by the council of that town. Some courts have gone so far as to hold that the statutes in relation to enacting clauses of ordinances are merely directory, and that an ordinance is valid without any such clause. But it is not necessary to go to that length in this case in order to hold the ordinance valid. See *People v. Murray*, 57 Mich. 396 (24 N. W. 118); *City of Tarkio v. Cook*, 120 Mo. 1 (25 S. W. 202, 41 Am. St. Rep. 678); 1 Dillon, Municipal Corporations (4th ed.), § 309; Endlich, Interpretation of statutes, §§ 536–538; *Cape Girardeau v. Riley*, 52 Mo. 424 (14 Am. Rep. 427).

The court charged the jury, in part, as follows:

"If you find that the defendant had control of the table and allowed any persons to play on it, that would constitute a public use and then the defendant would be guilty of a violation of the ordinance,"

And

"You are instructed that it makes no difference whether the defendant received pay for the use of the table or not. If he had possession of it and gave permission or an opportunity to play upon it, and if persons did so play upon it, it would be a violation of the ordinance."

And appellant claims that the charge of the court was misleading; that it conveyed an impression to the jury that no matter if the table was in a man's private house and he allowed any of his friends to play upon

it, it would be a violation of the ordinance and would constitute a public use.   But we are not of that opinion.   The instructions of the court were no doubt viewed by the jury in the light of the evidence which was before them, and when so viewed we do not think that the instructions were at all misleading or inapplicable to the facts before the court and jury.

Lastly, it is insisted that the evidence was insufficient to sustain the verdict.   The jury, however, found otherwise, and in our opinion it was amply justified in so doing, by the evidence.

We perceive no substantial error in the record and the judgment of the superior court is therefore affirmed.

HOYT, C. J., and SCOTT, DUNBAR and GORDON, JJ., concur.