STATE OF IOWA, Appellee, v. CLARENCE BARTLETT, Appellant.

CRIMINAL LAW: Jurisdiction—Judgment in Absence of Formal
1   Information. A judgment of conviction for crime entered by a justice of the peace without formal written information, as commanded by Section 5576, Code, 1897, is a nullity.

CRIMINAL LAW: Former Jeopardy—Bad-Faith Prosecution. A
2   collusive judgment of conviction, obtained by the accused himself in order to prevent a prosecution on the merits by the State, is no obstacle to a prosecution.

*Appeal from Mahaska District Court.*—K. E. WILLCOCKSON, Judge.

THURSDAY, OCTOBER 25, 1917.

THE defendant was convicted of assault and battery, and appeals.—*Affirmed.*

*L. T. Shangle, L. E. Corlett,* and *D. W. Hamilton,* for appellant.

*John McCutcheon* and *J. A. Devitt,* for appellee.

1. CRIMINAL
LAW: juris-
diction:
judgment in
absence of
formal in-
formation.

LADD, J.—The defendant was indicted for the offense of assault with intent to inflict great bodily injury. He pleaded not guilty, and also a former conviction of the same offense. The court withdrew the latter from the consideration of the jury, and the sole complaint is of this ruling.

It appears that prosecuting witness, Ella Young, and her brother, the defendant, had been having some trouble over the settlement of their deceased father's estate, and upon their meeting at the home of their mother, then 84 years of age, in the afternoon of August 30, 1916, the offense charged was committed. Mrs. Young had taken some food over to her mother, and as she took some chicken soup from the basket, her uncle, who was present, remarked that it "looked good enough to eat," and proposed to eat it; whereupon Mrs. Young said, in substance, that there was no poison in it, and either that defendant had insinuated that she would poison her mother, or that she was accused of poisoning people, and looked toward her brother, who, as she said this or repeated it, struck her with his clenched fist below the eye. She testified that she fell unconscious, and that, as she undertook to telephone to her husband, he knocked her down a second time, and later went after an ax, with a threat to split her head. Others present say that

she fell or sat in the cob box, and immediately sprang to her feet; that he made no such threat; and that but one blow was struck. The defendant, who is 6 feet 3½ inches tall and weighs about 200 pounds, admits that he hit his sister with the intention of blackening her eye, but claims that she said "Damn you," when he did so; that he grabbed the telephone holder from her hands and told her she could not telephone to the officers; and that he went and got an ax, but explained that he was merely preparing to meet her husband. Shortly after 9 o'clock in the evening, he called on George Thompson, a justice of the peace, and told him that Mrs. Young had gotten too smart, and he had slapped her and knocked her down; and he pleaded guilty to assault and battery. Thereupon, the squire ascertained from the Code that the fine might be anything not exceeding $100, and, noticing that a predecessor had imposed a fine of $3 for like offense, he assessed that amount against defendant, together with 50 cents costs. Payment followed immediately. All this was without information's being filed or evidence adduced other than defendant's statement of what he had done. The justice thereupon made the following entry in his docket:

"State of Iowa vs. C. W. Bartlett, Comes now C. W. Bartlett and on oath states that, on the 30th day of August, 1916, committed the crime of assault and battery on the person of Mrs. Ella Young, by striking her with his bare fist at the home of Mrs. Jane Bartlett, said C. W. Bartlett pleads guilty to the above charge and is assessed a fine of $3 and costs, total $3.50, which was paid in full on this 30th day of August, 1916. George Thompson, Justice of the Peace."

2. CRIMINAL LAW: former jeopardy: bad-faith prosecution.

The mere recital of the record stamps the entire proceeding before the justice of the peace as the merest farce. The law has long been settled that, if one procures him-

self to be prosecuted for an offense in order to get off with slight punishment, and thereby bar a prosecution in good faith by the state for the same offense, and such prosecution is really by himself, either directly or indirectly through the agency of another, and the state, though a party in name to the proceedings, is not so in fact and has no actual agency in the matter, the judgment entered is void, and affords the accused no protection. State v. Maxwell, 51 Iowa 314; State v. Green, 16 Iowa 239. While the ground for so holding is usually stated to be the fraud practiced by the accused, a better reason for such decisions is that the state has never become a party to the action. The state can no more be bound by a judgment to which it is not a party than can a citizen of the state. As said by Bishop in 1 Bishop on Criminal Law, Section 1010:

"He (the defendant) is, while thus holding his fate in his own hands, in no jeopardy. The plaintiff state is no party in fact, but only such in name. The judge indeed is imposed upon, yet in point of law adjudicates nothing; 'all was a mere puppet-show, and every wire moved by the defendant himself.'"

See Shideler v. State, (Ind.) 16 L. R. A. 225. Section 5576 of the Code requires that:

"Criminal actions for the commission of a public offense must be commenced before a justice of the peace by an information, subscribed and sworn to, and filed with the justice."

The two sections following prescribe what an information must contain, and its form, and Code Section 5579 exacts that:

"The justice must file such information and mark thereon the time of filing the same."

At the common law, a written complaint was required before a defendant could be put on trial, except when ac-

cusèd of contempt. And there is no reason for thinking that the legislature intended otherwise in enacting these statutes. Though an accused may be arrested, under circumstances defined by the statute, without warrant, the accusation must be in writing, and duly filed as above required. Unless this is done, the justice is without jurisdiction, and any judgment he may enter is utterly void, and no obstacle to a subsequent prosecution by the state. *Bigham v. State*, 59 Miss. 529; *Wilson v. State*, 16 Tex. 246; *State v. Goetz*, (Kan.) 69 Pac. 187. As defendant failed to sustain his plea of former jeopardy, the court rightly refused to submit that issue. *State v. Jamison*, 104 Iowa 343.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.