[No. 20826.    Department One.    November 28, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. JAKE
SCHULTZ, *Appellant*.[1]

[1] INDICTMENT AND INFORMATION (63)—SUFFICIENCY—OFFENSES—
CONCEALING MORTGAGED PROPERTY. An information for concealing
mortgaged property is sufficient where it enables a person of
common understanding to know what was intended.

[2] CRIMINAL LAW (207)—TRIAL — COUNSEL FOR PROSECUTION — PRI-
VATE COUNSEL. It is not error for the court to allow outside
counsel to assist the prosecuting attorney in a criminal prosecu-
tion.

[3] CHATTEL MORTGAGES (50-1)—CONVERSION—CRIMINAL OFFENSES—
CONCEALMENT. In a prosecution for concealing mortgaged prop-
erty, an instruction held to fairly state the law in every par-
ticular.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered April 12, 1927,
upon a trial and conviction of concealing mortgaged
property. Affirmed.

*Edward M. Connelly* and *Milton S. Hanauer*, for
appellant.

*Joseph H. Johnston* and *W. W. Zent*, for respond-
ent.

FRENCH, J.—The appellant was informed against by
the prosecuting attorney of Lincoln county, the charg-
ing part of the information being as follows:

"That the said Jake Schultz, on or about the 20th
day of November, 1926, at the county of Lincoln, state
of Washington, then and there being, did unlawfully
and feloniously, being the mortgagor in a certain chat-
tel mortgage dated and entered into April 27th, 1926,
wherein the said Jake Schultz was mortgagor and the
Washington Grain and Milling Company, a corpora-

[1]Reported in 261 Pac. 385.

tion of Reardon, Washington, was mortgagee, said mortgage covering and including one sorrel mare, eight years old, weight twelve hundred pounds, one sorrel mare, nine years old, weight twelve hundred pounds, and colt, together with all increase thereto, the said Jake Schultz with intent to hinder, delay or defraud the mortgagee, Washington Grain and Milling Company, a corporation, did conceal a part of the personal property, to-wit: one bay mare colt with white face, one bay horse colt with white face, covered by said mortgage, contrary to the laws of the State of Washington, etc.''

[1] A demurrer to this information was overruled, and the action of the lower court in thus overruling the demurrer is assigned as error. We think the information is sufficiently clear, definite and explicit ''to enable a person of common understanding to know what is intended.'' *State v. Womack,* 4 Wash. 19, 29 Pac. 939; *State v. Knowlton,* 11 Wash. 512, 39 Pac. 966; *State v. Shuck,* 38 Wash. 270, 80 Pac. 444.

[2] It is next assigned as error that the court permitted W. W. Zent to assist the prosecuting attorney in the trial of the case. The record shows that Judge Zent's appearance was by and with the consent of, and at the request of the county prosecutor. A reading of the case of *State v. Heaton,* 21 Wash. 59, 56 Pac. 843, upon which counsel for appellant seem to chiefly rely, indicates that the facts in that case easily distinguish it from the instant case. Prosecuting attorneys are permitted to have such assistance as they may desire in the actual trial of cases, by and with the consent of the trial court. *State v. Elswood,* 15 Wash. 453, 46 Pac. 727; *State v. Hoshor,* 26 Wash. 643, 67 Pac. 386; *Stern v. State Board of Dental Examiners,* 50 Wash. 100, 96 Pac. 693; *State v. Miller,* 80 Wash. 75, 141 Pac. 293; *State v. Storrs,* 112 Wash. 675, 192 Pac. 984, 197 Pac. 17; *State v. Orcutt,* 123 Wash. 651, 212 Pac. 1066.

The next assignment of error has to do with the ad-
mission of the testimony of a deputy sheriff. The
question here raised was decided adversely to appel-
lant's contention in *State v. Dersiy*, 121 Wash. 455, 209
Pac. 837.

[3] Complaint is made of the following instruc-
tion:

"You are instructed, members of the jury, that be-
fore you can find the defendant guilty in this case, it is
necessary for the state to prove to your satisfaction,
beyond a reasonable doubt, that in Lincoln county,
Washington, on or about the 20th day of November,
1926, the defendant unlawfully and feloniously con-
cealed part of the personal property, consisting of two
colts, or either one thereof, covered by and included in
a certain chattel mortgage dated and entered into
April 27, 1926, between the defendant as mortgagor
and the Washington Grain and Milling Company, a
corporation, of Reardon, Washington, as mortgagee,
and that the concealment of said personal property
was with the intent on the part of the defendant to
hinder, delay or defraud the said mortgagee thereof.

"It is necessary for the state to prove each and
every one of these allegations to your satisfaction be-
yond a reasonable doubt before you can convict the
defendant and if the state should fail to prove to your
satisfaction, beyond a reasonable doubt, any of these
allegations, then it shall be your duty to render a ver-
dict of not guilty. If you find, members of the jury,
that the state has proven, beyond a reasonable doubt,
each of the above elements of the crime charged, you
will then find the defendant guilty."

We think this instruction fairly states the law in
every particular. *State v. Smith*, 40 Wash. 615, 82
Pac. 918, 5 Ann. Cas. 686; *State v. Rackich*, 66 Wash.
390, 119 Pac. 843, Ann. Cas. 1913C 312, 37 L. R. A.
(N. S.) 760.

We have carefully read the record in this case cover-
ing more than two hundred fifty typewritten pages.

There is a sharp conflict in the testimony on many
material matters. We find the record singularly free
from error. There is an abundance of evidence to sup-
port the verdict, and the defendant seems to have had
a fair trial in every particular.

Judgment affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and MITCHELL,
JJ., concur.