[No. 26991. Department One. April 11, 1938.]

THE CITY OF SEATTLE, *Appellant,* v. AL MATHEWSON, *Respondent.*[1]

*A. C. Van Soelen, George T. McGillivray,* and *Tom M. Alderson,* for appellant.

*Maslan & Maslan* and *Leonard L. Mendel, Jr.,* for respondent.

MAIN, J.—By complaint filed in the police court of the city of Seattle, Al Mathewson was charged with reckless driving of an automobile. The trial resulted in finding him guilty, and he was ordered to pay a fine of twenty-five dollars. From this judgment, he ap-

[1]Reported in 78 P. (2d) 168.

pealed to the superior court. When the matter came on for hearing in that court and after the jury had been impaneled and sworn, Mathewson moved for a dismissal of the case, upon the ground that

" . . . no duly verified complaint had ever been filed in the police court of the city of Seattle and that the police court had never acquired jurisdiction of the defendant."

This motion was sustained, and the superior court entered an order dismissing the action, in which it was recited that

" . . . no duly verified complaint had ever been filed in the police court of the city of Seattle and that the police court has never acquired jurisdiction of the defendant or the subject-matter of this action."

Subsequently, Mathewson was again charged in the police court of the city of Seattle with the reckless driving of an automobile, and upon the trial was found guilty and ordered to pay a fine of fifty dollars. He thereupon again appealed to the superior court, and, when the cause came on for trial, Mathewson moved for an order of dismissal, on the ground that he had "been placed in former jeopardy." This motion was sustained, and an order entered which recited that the motion for dismissal was made "on the ground that the defendant had been placed in former jeopardy," and "it is ordered and adjudged that the motion be sustained and said cause be, and the same is, hereby dismissed with prejudice." From this order, the city of Seattle appealed.

■ From the facts above stated, it appears that Mathewson secured the dismissal of the first action because the complaint filed in the justice court was defective, and for that reason that court was without jurisdiction. Later, he was again charged in the justice court, convicted, and appealed. He had not been

placed in jeopardy when the first action was dismissed, because there is no jeopardy until one accused of crime is put upon trial upon an information sufficient in form and substance to charge a crime. Rem. Rev. Stat., § 2316 [P. C. § 9147]; *State v. George,* 84 Wash. 113, 146 Pac. 378.

In addition to this, Mathewson, having moved for a dismissal of the first case, on the ground that the complaint was insufficient, was not in a position to urge former jeopardy as against the second prosecution. *State v. Todd,* 145 Wash. 647, 261 Pac. 397.

Upon these propositions, there seems to be little, if any, controversy; but Mathewson says that the superior court had a right to dismiss the second action under the authority given it by Rem. Rev. Stat., § 2314 [P. C. § 9145]. But, when the court acts under that section, "the reason of the dismissal must be set forth in the order, which must be entered upon the record." In this case, the reasons set forth in the order of dismissal in the second case, from which the appeal is prosecuted to this court, recited that the action was dismissed because of former jeopardy; and, as we have already seen, there was no basis in law for dismissing it upon that ground.

The order appealed from will be reversed, and the cause remanded to the superior court for further proceedings.

STEINERT, C. J., GERAGHTY, ROBINSON, and SIMPSON, JJ., concur.