Maurice W. McCann, J.
(Yates County Judge and Acting Judge for Monroe County). The defendant-appellant was convicted on February 6,1957, of violating subdivision 21 of section 81 of the Vehicle and Traffic Law (passing a red light) before Justice of the Peace Kenneth D. Mackenzie, in the town of Pittsford, Monroe County, New York.
The defendant-appellant claims some nine or more points of error on his appeal. They are set forth as follows, with the disposition of each:
First : Defendant was not proven guilty beyond a reasonable doubt—
A reading of the testimony does not substantiate this contention.
Second : That the defendant was twice tried for the same offense —
The return of the Justice refers only to the trial of February 6, 1957. The defendant-appellant’s affidavit cannot be considered to contradict or impeach the return (People v. Soule, 142 N. Y. S. 876). The appellant is bound by the return of the lower court (People v. Newman, 137 Misc. 267). If the return is incomplete, the defendant-appellant should have proceeded under the provisions of section 758 of the Code of Criminal Procedure to have it corrected.
*44 Third: That the Justice erred on the trial of January 16, 1957, wherein he withdrew his verdict after determining that the defendant was guilty —
The return before me shows only one trial, and the defendant-appellant is bound by the return made in this proceeding. (See People v. Newman, supra.)
Fourth : The defendant-appellant was not afforded a fair trial because the same Justice is alleged to have sat at the January 16,1957 trial as at the February 6,1957 trial—
The return shows only one trial; therefore, this claimed error is without foundation of fact.
Fifth : That defendant-appellant was not accorded a fair trial because he was not prosecuted by the office of the District Attorney —
So far as a defendant is concerned, it is not for him to select his prosecutor (People v. Wyner, 207 Misc. 673 and cases cited therein); therefore, no error was committed.
Sixth: That the transcript of the proceeding was incomplete—
The defendant-appellant’s remedy for its correction is found in section 758 of the Code of Criminal Procedure.
Seventh: That the testimony offered by the People did not contain evidence that the defendant had violated section 81 of the Vehicle and Traffic Law—
A reading of the stenographic minutes shows otherwise.
Eighth : That the Justice of the Peace failed to consider section 84 of the Vehicle and Traffic Law —
The stenographic minutes show that defendant’s own counsel read a portion or all of that section to the court on the night of the trial.
Ninth: That the traffic ticket issued by the officer was inaccurate and did not conform to the information—
This question has just been settled by the Court of Appeals in the case of People v. Scott (3 N Y 2d 148) wherein it said that a summons is simply a notice to appear in a given court on a given day to be charged with a specific crime, and that it does not take the place of an information. It is not to be considered as a pleading. No error was committed under this point.
The defendant-appellant having failed to satisfactorily sustain the claimed errors, the judgment of conviction is hereby affirmed.