[No. 504-3.   Division Three.   July 7, 1972.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JASPER LEROY FLEETWOOD, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*

*Carl Maxey* (of *Fredrickson, Maxey, Bell & Allison*) and *Riner E. Deglow,* for appellant.

*Slade Gorton, Attorney General, William L. Britton* and *Stephen Jamieson, Assistants,* for respondent.

MUNSON, C.J.—Petitioner appeals from a denial of a writ of habeas corpus. Certain issues raised by this appeal were not presented to the trial court. As to those issues, we shall consider them presented as an original writ addressed to this court.[1]

Jasper Leroy Fleetwood was convicted of second-degree assault and robbery in Grays Harbor County Superior Court in September of 1967. That conviction was affirmed in *State v. Fleetwood,* 75 Wn.2d 80, 448 P.2d 502 (1968). The instant case originated in Walla Walla County, where the petitioner is confined.

The purpose of a writ of habeas corpus is to inquire into the legality of petitioner's restraint and to determine whether his constitutional right to due process has been violated. *Pettit v. Rhay,* 62 Wn.2d 515, 518, 383 P.2d 889 (1963). The writ is not a substitute for an appeal or a writ of error. *Massey v. Rhay,* 76 Wn.2d 78, 455 P.2d 367 (1969); *Montague v. Conte,* 3 Wn. App. 687, 477 P.2d 21 (1970). Petitioner's voluminous assignments of error have been formulated into the following four issues for discussion:

First, petitioner claims the alibi instruction given in his 1967 trial shifted the burden of proof from the state to him and thus falls within the error recognized in *State v. Kubicek,* 5 Wn. App. 293, 486 P.2d 1098 (1971), *review granted,* 80 Wn.2d 1002 (1971). This instruction, comparable to that in *State v. Rosi,* 120 Wash. 514, 208 P. 15 (1922), requires only that the defendant present sufficient evidence

[1] A previous application for writ of habeas corpus was denied by the Walla Walla County Superior Court. That decision was not appealed but some of the issues in that proceeding are raised by petitioner in this appeal.

in support of his alibi to establish a reasonable doubt as to his guilt in the minds of jurors. It does not require the defendant to assume the burden of persuasion, nor any other burden of proof such as convincing a jury of his innocence. This distinction is not vacuous. The instruction correctly expresses the law of this state. *State v. Pam,* 1 Wn. App. 723, 463 P.2d 200 (1969).

Second, petitioner alleges the trial court should not have allowed the state to introduce by rebuttal evidence the fact that one Roy Bowman was present at the residence of the petitioner when he was arrested. He alleges this is a product of an unlawful search.[2] Here, petitioner's objection stems from an allegation that the search of his Oregon home, under a telegraphic arrest warrant, was based upon a justice court complaint filed in Grays Harbor County by a deputy prosecuting attorney. The complaint failed to show that the charge was based upon the deputy prosecutor's personal knowledge.

In *State v. Kanistanaux,* 68 Wn.2d 652, 414 P.2d 784 (1966), an analogous argument was made. The trial court held a defendant charged with an infamous crime had the right, under the United States Constitution, to be indicted by a grand jury or given a preliminary hearing to determine probable cause. He could not be charged by an information, filed by the prosecuting attorney, directly in the superior court. This argument was rejected.

The office of the prosecuting attorney is established by the state constitution. Const. art. 11, § 5 (amendment 12). The duties of the office are prescribed by the legislature. RCW 36.27.020. One of those duties requires that the prosecutor shall:

> Institute and prosecute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of felonies when he has information that any such offense has been committed . . .

Thus, the prosecutor is charged by statute with having

---

[2] An objection to the search on another ground was reviewed by the Supreme Court and rejected. *See State v. Fleetwood, supra* at 82-83.

reasonable cause before instituting a prosecution. He is a quasi-judicial officer, representing the citizens of this state, and is presumed to be acting impartially and only in the interest of justice. *State v. Case,* 49 Wn.2d 66, 70, 298 P.2d 500 (1956). As in *Kanistanaux,* petitioner herein does not allege any abuse by the prosecuting attorney in initiating the Grays Harbor County felony proceedings by justice court complaint. He also does not allege or show that the prosecutor did not have reasonable cause to believe that the defendant has committed the crimes alleged. We find no error.[3]

■ Third, petitioner alleges he was so ineffectively represented by counsel at the trial and the appellate levels that constitutional due process was violated. We have examined the record previously before the Supreme Court, and the present record. This review clearly discloses both trial and appellate counsel were aware of the legal problems confronting the defendant, including possible defenses, issues on appeal, and the law applicable thereto. Hindsight is a recognized educator; it should not be a substitute for appreciating the difficult decisions required of trial and appellate counsel. From our careful review of the record, we find that the matters complained of, considering the problems then confronting counsel and the posture of the case at the time the decisions were made, were decisions that were well grounded, logical and justifiable. While different counsel might have made different decisions, we do not believe the trial was reduced to a farce so as to impugn the dictates of due process. *State v. Gibson,* 79 Wn.2d 856, 490 P.2d 874 (1971); *State v. Mode,* 57 Wn.2d 829, 360 P.2d 159 (1961).

Last, petitioner claims the trial court erred in admitting evidence of a prior conviction in Oregon for the purpose of

---

[3]Assuming arguendo that the search under the arrest warrant was improper, the fact that Bowman's presence was only introduced to rebut petitioner's testimony in which he denied knowing a person by that name brings this case within the purview of *Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971) and *Walder v. United States,* 347 U.S. 62, 98 L. Ed. 503, 74 S. Ct. 354 (1954).

impeaching petitioner's credibility. Two bases are alleged in support of this allegation: (a) the conviction was based upon an unconstitutional statute, and (b) at the time of the conviction, petitioner was not represented by counsel.

*State v. Franzone,* 243 Ore. 597, 415 P.2d 16 (1966), relied upon by petitioner, does not declare the statute under which petitioner claims he was charged to be unconstitutional. The court specifically declined to do so; it merely held that the facts in support of the charge were insufficient.

Thus, in effect petitioner asks this court to declare unconstitutional a statute of a sister state as a prerequisite to petitioner's challenge to the propriety of his impeachment. This we decline to do. It is not the prerogative of a court, on a petition for writ of habeas corpus, to redetermine the guilt or innocence of the petitioner for a crime which has been used to impeach his credibility in a subsequent and different prosecution. See McCormick on Evidence § 43 at 84 (2d ed. E. Cleary 1972); 1 Underhill, Criminal Evidence § 244 at 601 (5th ed. P. Herrick 1956).

Contrary to petitioner's contention, identification No. 19 shows that he was represented by counsel at the time of his jury trial on the prior conviction. *Cf. Loper v. Beto,* 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972). We find no prejudicial error.

The trial court is affirmed as to those matters presented to it on the original application for writ. As to those matters which we considered to be presented to us in the nature of an original writ, relief is denied.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied July 25, 1972.

Review denied by Supreme Court September 20, 1972.