[No. 2057-42649-1.    Division One—Panel 2.    July 2, 1973.]

THE STATE OF WASHINGTON, *Petitioner*, v. VINA S. COOK, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney*, and *Frederick L. Yeatts, Deputy*, for appellant.

*Lanning, Mahoney & Bryan* and *Robert S. Bryan*, for respondent.

WILLIAMS, J.—The question in this case is whether the trial court erred in ruling that a complaint for a traffic offense against Vina S. Cook should be dismissed because the state was represented during the trial of the cause by a legal intern.

Ms. Cook was arrested and charged in Renton District Court, King County, with driving while under the influence of intoxicating liquor. By a pretrial motion, she challenged the qualifications of Richard F. McDermott, a legal intern employed by the King County Prosecuting Attorney to represent the state. The trial judge reserved ruling upon the motion, heard the case upon its merits, and after being extensively briefed on the question, decided that McDermott was not qualified to serve as counsel for the state and dismissed the complaint. The state then applied to this court for a review by writ of certiorari, which was granted.

The first question to be determined is whether McDermott had the necessary qualifications to represent the state in its prosecution of Ms. Cook. We hold that he did in the absence of an inhibiting statute. The Supreme Court, acting pursuant to its inherent power to determine who may or may not appear as counsel in the courts of this state, *State ex rel. Laughlin v. Washington State Bar Ass'n,* 26 Wn.2d 914, 176 P.2d 301 (1947); *In re Bruen,* 102 Wash. 472, 172 P. 1152 (1918), promulgated APR 9, which provides for the certification of law students and others to engage in the limited practice of law. McDermott was so certified and, therefore, had the necessary credentials to practice law in the Renton District Court under certain limitations not material to this case.

The next question is whether the prosecuting attorney had the authority to appoint McDermott to represent the state in the trial of the action. We hold that he did not. All criminal actions in which the state is a party are to be prosecuted by the prosecuting attorney, RCW 36.27.020, or by deputies appointed by him. RCW 36.27.040. The legislature, which is charged with the responsibility of providing

for the office of prosecuting attorney, Constitution of the State of Washington, article 11, section 5, has set his qualifications to be that he must be a qualified elector of the county and "admitted as an attorney and counselor of the courts of this state." RCW 36.27.010. His deputies must have the same qualifications. RCW 36.27.040. Lawyers who do not meet the statutory requirements may with the permission of the court assist the prosecuting attorney in the trial of a case, *State v. Schultz,* 145 Wash. 644, 261 P. 385 (1927), but are ineligible to function as prosecuting attorneys. *State v. Heaton,* 21 Wash. 59, 56 P. 843 (1899). A defendant may waive the lack of qualifications of the lawyer representing the state by failing to object and not showing prejudice. *State v. Gibson,* 79 Wn.2d 856, 490 P.2d 874 (1971); *State v. Storrs,* 112 Wash. 675, 192 P. 984, 197 P. 17 (1920).

As a certified legal intern with a limited license to engage in the practice of law, McDermott did not possess the qualifications specified by the legislature for persons representing the state in its courts, and, consequently, the King County Prosecuting Attorney did not have the authority so to employ him.

■■ The state contends that McDermott was not a deputy prosecuting attorney but rather a necessary employee who could perform any act the prosecuting attorney is authorized to perform as provided by RCW 36.16.070. This statute is a general provision for the augmentation of county offices and does not apply because, as has been seen, RCW 36.27.040 specifically provides for deputies who shall have the same powers in all respects as the prosecuting attorney. When a general and specific statute deal with the same subject, the specific statute prevails. *State v. Walls,* 81 Wn.2d 618, 503 P.2d 1068 (1972).

■ The state relies upon *Eggan v. State,* 4 Wn. App. 384, 481 P.2d 571 (1971), in support of its position that it is not necessary for a prosecuting attorney to be present in every criminal case. In *Eggan,* the action was commenced by the filing of a citizen's complaint. The prosecuting attor-

ney was not notified of the pending proceeding and it was not until the complaining witness had testified that the defendant raised the question of the absence of the prosecutor. Our court, division three, found no prejudice and affirmed the judgment of conviction. The situation in the case before us is far different. Ms. Cook was charged by an official complaint, the prosecuting attorney was fully aware of the proceedings, and objection to the absence of the prosecuting attorney was timely made.[1]

██ Finally, there is the question of whether Ms. Cook has the necessary standing to successfully challenge the use of a legal intern in the state's prosecution against her. We believe that she has. The prosecuting attorney, as a quasi-judicial officer, has a duty to see that an accused is given a fair trial because "[t]he state is just as much interested in preserving constitutional requirements in the trial of an accused person as in prosecuting the infraction of the laws." *State v. Stentz,* 30 Wash. 134, 140, 70 P. 241 (1902); *State v. Montgomery,* 56 Wash. 443, 105 P. 1035 (1909). The prosecuting attorney must exercise his independent judgment as to the prosecution or dismissal of a complaint. *State v. Heaton, supra.* The legal representation of the state by a particularly qualified person was therefore a distinct advantage, conferred upon Ms. Cook by statute, which was not available to her during the trial.

The judgment of dismissal is affirmed.

CALLOW, J., concurs.

HOROWITZ, J. (dissenting)—For the reasons next stated, I cannot concur in the affirmance of the order of dismissal, especially if the order, as interpreted by the defendant with the apparent acquiescence of the state, is one with prejudice.

---

[1]We do not pass upon the question posed in *Eggan* of whether prosecution for lesser offenses may be conducted in a summary fashion. *Hendrix v. Seattle,* 76 Wn.2d 142, 456 P.2d 696 (1969). Drunk driving carries with it maximum penalties of a fine of $500 and imprisonment for 1 year, RCW 46.61.515, so that summary proceedings are inappropriate.

The status of legal intern was created by the Supreme Court of Washington by promulgating APR 9 on June 4, 1970, subsequently amended. The provisions of APR 9 pertinent here are described in the margin.[2] The appeal here involves three questions concerning the legal intern: (1)

[2]Under APR 9A:

[Q]ualified law students, registered law clerks and graduates of approved law schools, upon application and approval in accordance with the requirements set forth in Rule 9B, may be admitted to the status of "legal intern" and . . . granted a limited license to engage in the practice of law in any trial court of this state under the direction and supervision of an active member of the Washington State Bar Association who has been actively engaged in the practice of law in the State of Washington or elsewhere as a full-time occupation for at least three years at the time the application is filed.

APR 9B provides for the qualifications of the applicant.

APR 9D sets forth the duties of a supervising attorney, including the requirement set forth in APR 9D(1) that such an attorney

shall maintain direction and supervision over the work of the legal intern and shall assume personal professional responsibility for any work undertaken by the legal intern while under his supervision. All pleadings, motions, briefs, and other documents prepared by the legal intern shall be reviewed by the supervising attorney or an attorney from the same office as the supervising attorney. When a legal intern signs any legal document, his signature shall be followed by the title "legal intern" and, if the document is prepared for presentation to a court or for filing with the clerk thereof, the document shall also be signed by the supervising attorney or an attorney from the same office as the supervising attorney.

APR 9D(3) provides:

The supervising attorney need not be present in the courtroom during the legal intern's appearance in matters before and cases tried in a trial court from the judgment of which there is a right of trial de novo on appeal, except in the representation of a defendant in preliminary criminal hearings. However, if the supervising attorney or an attorney from the same office as the supervising attorney is present, the legal intern may appear in the representation of a defendant in preliminary criminal hearings.

APR 9D(5) provides:

A judge may exclude a legal intern from active participation in proceedings before the court in the interest of orderly administration of justice or for the protection of a client or witness, and shall thereupon grant a continuance to secure the attendance of the supervising attorney.

APR 9D(6) contemplated the possibility that a legal intern would be employed "in the case of recognized legal aid, legal assistance,

the authority of a legal intern to represent the state in the district court trial of the offense charged below notwithstanding APR 9D(3); (2) defendant's standing below to raise the issue of claimed lack of authority; and (3) if the legal intern lacks authority and defendant has standing to raise the issue, whether the proper remedy is dismissal, with or without prejudice.

I consider each contention separately. Defendant contends that under the statutes of this state only a prosecuing attorney or his deputy is authorized to represent the state in the trial of a criminal case. RCW 36.27.020(3), (4), (6), .005, .040. The state concedes the duty to appear for and represent the state in the trial of criminal cases is included in the statutory duties of the prosecuting attorney or his deputy. It contends, however, the prosecuting attorney is also entitled to the benefits of RCW 36.16.070. That statute, as amended, reads:

> In all cases where the duties of any county office are greater than can be performed by the person elected to fill it, the officer may employ deputies and other necessary employees with the consent of the board of county commissioners. The board shall fix their compensation and shall require what deputies shall give bond and the amount of bond required from each. The sureties on deputies' bonds must be approved by the board and the premium therefor is a county expense . . .
>
> A deputy may perform any act which his principal is authorized to perform. The officer appointing a deputy or other employee shall be responsible for the acts of his appointees upon his official bond and may revoke each appointment at pleasure.

When the cited statutes dealing with the duties and powers of the prosecuting attorney were enacted, all were included as part of the Laws of 1963, ch. 4, effective February 18, 1963. At that time the status of the legal intern had not been created and there was no occasion for the statutes to deal specifically with the power of the prosecuting attorney

public defender and similar programs furnishing legal assistance to indigents, or of state, county or municipal legal departments . . ."

Other provisions of APR 9 are not material here.

or his deputy to employ a legal intern or to determine under what circumstances a legal intern's services might be used. When in 1970 the status of legal intern was created, it was contemplated by APR 9D(6) that a legal intern could be employed by "state, county or municipal legal departments." If so employed, the legal intern would be within the class of "other necessary employees" required by a county officer "where the duties . . . are greater than can be performed by the person elected to fill it . . . ."

The legal intern, because of the limited nature of his license, could not perform all the duties of the prosecuting attorney or his deputies because they were required to be fully licensed (RCW 36.27.010), whereas a legal intern's license under APR 9 was a limited license. Nevertheless, under APR 9D(3) a legal intern, although under the direction of the supervising attorney, was permitted to appear without the presence of his supervising attorney in "cases tried in a trial court from the judgment of which there is a right of trial de novo on appeal . . . ." The traffic offense for which defendant was charged is one that may result in a judgment from which there is a right of trial de novo on appeal. RCW 10.10.010; *Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965); *State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961).

No doubt one may be partially licensed to perform those duties which are included in the duties of one fully licensed without thereby becoming eligible for employment by the prosecuting attorney. The latter may be expressly or impliedly prevented from employing or utilizing the services of the legal intern or private attorney by the statutes which fix his powers and duties. In the absence of an express prohibition, however, it is our duty to give full effect to those statutes and to harmonize them if possible. *See generally Publishers Forest Prods. Co. v. State,* 81 Wn.2d 814, 505 P.2d 453 (1973); *In re Kent,* 1 Wn. App. 737, 463 P.2d 661 (1969). The power conferred on the prosecuting attorney to select his "close and confidential assistants should

not be restrictively construed." 63 Am. Jur. 2d *Prosecuting Attorneys* § 8, at 342 (1972), citing *Cetrulo v. Byrne*, 31 N.J. 320, 157 A.2d 297 (1960). *Compare State v. Gibson*, 79 Wn.2d 856, 490 P.2d 874 (1971); *State v. Storrs*, 112 Wash. 675, 192 P. 984, 197 P. 17 (1920).

There is no necessary inconsistency between the statutes imposing the duty upon the prosecuting attorney or his deputy to represent the state or county in the trial of criminal cases and the statute permitting other necessary employees to be employed in the discharge of those duties "where the duties of any county office are greater than can be performed by the person elected to fill it . . . ." RCW 36.16.070. The power is broad enough to permit employment of a private attorney (*see State v. Storrs, supra*) or a legal intern. These employees may assist the prosecuting attorney or his deputy by performing those duties they are respectively licensed to perform. Such performance does not supplant the prosecutor's performance; it supplements it. This is evident from the fact that the prosecuting attorney is responsible for the conduct of his "other necessary employees." *See* RCW 36.16.070. The prosecutor's duty of oversight of the legal intern is in addition to the duty of oversight imposed upon the legal intern's supervising attorney.

The primary purpose of statutes defining the powers and duties of the prosecutor is to protect the state rather than the defendant. The defendant is already protected by his constitutional right to retained or appointed counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963); *Tully v. State*, 4 Wn. App. 720, 483 P.2d 1268 (1971), and cases cited therein. *See Retroactivity Chart*, 12 Judges' Journal 70-71 (1973). No doubt it is the duty of the prosecuting attorney and his deputy to be fair and ethical in the manner in which the criminal case is tried. *State v. Montgomery*, 56 Wash. 443, 105 P. 1035 (1909). I know of no reason why a legal intern, in performing his duties in the trial of a criminal case, should not also

be governed by the duty to be fair and ethical required of the prosecuting attorney and his deputy. It is to be presumed in the instant case that the legal intern discharged his duty properly. *See Fleetwood v. Rhay,* 7 Wn. App. 225, 498 P.2d 891 (1972). In any event, defendant is further protected by her remedy of appeal for errors whether the state is represented by a fully-licensed or partially but sufficiently-licensed representative of the state in the trial of a criminal case. *See Baker v. State,* 368 S.W.2d 627 (Tex. Crim. 1963), cited with approval in *State v. Gibson,* 79 Wn.2d 856, 490 P.2d 874 (1971).

The state contends in any case defendant lacks standing to object to the authority of the legal intern to represent the state. It contends defendant's motion to dismiss is an impermissible collateral attack upon the legal intern's authority to represent the state in the trial below. I agree. The record fails to show the circumstances of the legal intern's employment. There is no claim, however, that he was not duly employed by the prosecuting attorney to perform those duties below the performance of which is permitted by his legal intern's license. The legal intern, therefore, was not a mere usurper or intruder. He acted by color of his office or appointment and his status at the minimum was that of a de facto officer or appointee. The state being represented by a de facto public official, the court was not deprived of jurisdiction to enter judgment. The conclusion stated is inherent in cases refusing to permit a collateral attack upon the authority of a de facto public official to act, whether the latter be a private attorney, a judge, a prosecuting attorney, or other de facto officer. *State v. Carroll,* 81 Wn.2d 95, 500 P.2d 115 (1972); *State v. Gibson, supra; State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947); *State v. Fountain,* 14 Wash. 236, 44 P. 270 (1896); *State v. Franks,* 7 Wn. App. 594, 501 P.2d 622 (1972); *Call v. Commonwealth,* 482 S.W.2d 770 (Ky. 1972). *State v. Gibson, supra,* cited with approval several cases involving collateral attack by a defendant to qualifications of a prosecuting attorney: *Baker v. State, supra; Pamanet v. State,* 49 Wis.

2d 501, 182 N.W.2d 459 (1971); and *Petition of Dusablon,* 126 Vt. 362, 230 A.2d 797 (1967).

In *State v. Fountain, supra* at 239, defendant in a criminal case attacked the qualifications of a police justice to hold office and hear the trial. The court held he had no standing to raise the question and refused to dismiss the complaint against him. The court said:

> [W]here an individual is appointed by the proper authority to an office and enters upon the discharge of its duties, he is a *de facto* officer, and his acts are valid and binding, although he may not possess some of the requisite qualifications to hold the office. In such a case his acts cannot be collaterally attacked or inquired into.

In *State v. Britton, supra* at 346, involving a de facto judge appointed to office, the appointment being attacked by a defendant, the court said:

> "An officer *de facto* must be submitted to as such until displaced by a regular direct proceeding for that purpose; . . ."

In *Baker v. State, supra* at 633, the court said:

> Appellant may not here collaterally attack the qualification of the prosecutor to act as county attorney. Snow v. State, 134 Tex.Cr.R. 263, 114 S.W.2d 898.

Under the rule forbidding collateral attack, it is not for an accused to select his prosecutor. *People v. Lanni,* 10 Misc. 2d 42, 168 N.Y.S.2d 35 (1957).

Lack of standing as a matter of law is supported by the absence of prejudice in fact to the defendant. Defendant *does not claim* she was prejudiced because the legal intern was incompetent in his representation of the state. Neither does she claim the legal intern did not comply with the provisions of his license as described in APR 9D(3). She clearly cannot complain that she disagrees with the policy embodied in APR 9. That policy was resolved against any such complaint when the Supreme Court, acting within its power so to do, adopted APR 9 and later issued a limited license to the legal intern in conformity with that rule. If

she claims the legal intern, unlike the prosecuting attorney or his deputy, did not have the power to recommend a dismissal or reduction in the charge and that she was prejudiced thereby, she has failed to show that she would have been entitled to such a recommendation and that the use of the legal intern prevented her from obtaining it. It is to be remembered that a prosecuting attorney or his deputy has no authority himself to dismiss or reduce a pending charge. He can only recommend such a remedy to the court for its approval. *State v. Heaton,* 21 Wash. 59, 61, 56 P. 843 (1899). I know of no reason why a legal intern cannot, with the advice and assistance of his supervising attorney prior or during trial, make the same recommendations to the court that the prosecuting attorney or his deputy can make. The court has the same authority and power to dismiss or reduce a charge whether the request is made by the prosecutor, his deputy, or a legal intern. Furthermore, if the court is of the opinion that "in the interest of orderly administration of justice or for the protection of a client or witness" the legal intern should be excluded from active participation in the proceedings, he may "grant a continuance to secure the attendance of the supervising attorney." APR 9D(5). At best any error here is properly treated as harmless. Defendant was not denied a fair trial. *Bruce v. State,* 199 Ind. 489, 158 N.E. 480 (1927); *Call v. Commonwealth, supra.*

The remaining question is whether the order of dismissal is to be considered a dismissal with prejudice as defendant contends, with the apparent concurrence of the state. Defendant argues that when, after she moved for an order of dismissal, the district court ordered the trial to proceed while he considered defendant's motion, defendant was placed in jeopardy under the rule that jeopardy attaches after the first witness is sworn. *State v. Ridgley,* 70 Wn.2d 555, 424 P.2d 632 (1967). I see no basis for a claim that jeopardy attached. Before jeopardy attaches, the first trial must occur in a valid proceeding. Thus, if the court lacks jurisdiction when a defendant is tried, a plea of former jeopardy

is not available to a defendant. *Seattle v. Mathewson,* 194 Wash. 350, 78 P.2d 168 (1938). *See generally* 22 C.J.S. *Criminal Law* § 244 (1961); 21 Am. Jur. 2d *Criminal Law* § 171 (1965); Annot., 75 A.L.R.2d 683, 696-700 (1961). Here the defect in the trial on which defendant relies to support her motion for dismissal is that the legal intern was not the authorized agent of the state to represent it at trial. If the legal intern was unauthorized, then clearly the state was not represented in a proceeding binding upon the state and the defendant was not placed in jeopardy. *See State v. Bartlett,* 181 Iowa 436, 164 N.W. 757 (1917). Furthermore, the dismissal was with defendant's consent. Indeed, it was on her motion. By such consent and motion, she waived her right to a claim of former jeopardy. *Johnson v. Cranor,* 43 Wn.2d 200, 260 P.2d 873 (1953), *cert. denied, Johnson v. Delmore,* 348 U.S. 902, 99 L. Ed. 709, 75 S. Ct. 226 (1954); *Seattle v. Mathewson, supra. Compare* Annot., 63 A.L.R.2d 782 (1959).

At the time defendant's motion for dismissal was made, the court could have granted a short continuance and then, upon detemining the legal intern was not authorized to represent the state and that defendant had standing to raise the question, the court could have granted a further continuance until the supervisor could appear to conduct the trial. APR 9D(5). The trial, however, was conducted pending consideration of the motion, but without a ruling on the merits.[3] Assuming arguendo the legal intern could not legally represent the state below and that the defendant could collaterally attack the legal intern's appointment, the only question is the appropriate relief that is required. A dismissal is an excessive sanction, especially if the dismissal is intended to be with prejudice. *See Eggan v. State,* 4 Wn. App. 384, 481 P.2d 571 (1971). It is true in *Eggan* the

---

[3]This is not a case of refusal to consent to state representation by a legal intern under the analogous rule of *State v. Schultz,* 145 Wash. 644, 261 P. 385 (1927), clarifying *State v. Heaton,* 21 Wash. 59, 56 P. 843 (1899), both cases decided long prior to APR 9. The refusal here was on the ground of lack of statutory authority to act after the court permitted the legal intern to proceed with the trial.

defendant's motion of dismissal based on the absence of the prosecuting attorney to try the charge was tardily made. That fact is pertinent on the issue of waiver of defendant's right to object. It does not bear, however, on the propriety of the remedy to be afforded. As to the latter, the court said:

Even in the extreme situation of the refusal of a prosecuting attorney to appear in an action in which the state or a county is a party, [RCW 36.27.030] gives no indication that the defendant in a pending criminal action is ipso facto entitled to have his case dismissed. The question of whether in such situations a judge has the inherent discretionary power to dismiss a pending criminal charge is not before the court.

*Eggan v. State, supra* at 386. Any prejudice defendant might have sustained in allowing the legal intern to proceed can be fully obviated by employing a sanction more commensurate with the claimed wrong as, for example, by ordering a continuance to enable the prosecuting attorney and his deputy to appear for the trial of the case.

The lapse of time since entry of the judgment of dismissal should be taken into account in the remittitur to be entered. For either of the first two reasons I would reverse the judgment with directions to enter findings, conclusions and judgment on the evidence already taken unless the district court, on defendant's application within 20 days after remittitur is filed, grants a continuance for further trial and disposition.

Petition for rehearing denied August 15, 1973.

Review granted by Supreme Court October 9, 1973.